**In the Interest of J.G., a Minor.**

**Appeal of Chester County Department of Children, Youth and Families.**

Superior Court of Pennsylvania.

Argued Sept. 24, 2009.
Filed Nov. 13, 2009.

John J. Teti, Jr., West Chester, for appellant.

Jeremiah F. Kane, West Chester, for appellee.

Kathleen M. Creamer, Philadelphia, for Community Legal Services, amicus curiae.

Jason Kutulakis, Carlisle, for Pennsylvania Children and Youth Solicitors Association, amicus curiae.

Ubel G. Velez, West Chester, for parents of J.G., participating party.

BEFORE: FORD ELLIOTT, P.J., MUSMANNO, ORIE MELVIN, BENDER, BOWES, PANELLA, DONOHUE, SHOGAN and ALLEN, JJ.

OPINION BY ALLEN, J.:

¶ 1 The Chester County Department of Children Youth and Families ("CYF") appeals from the trial court's order denying the motion of the guardian *ad litem* to reject the recommendation of the hearing master or, alternatively, to conduct a rehearing. Finding that CYF was the prevailing party in the proceedings below, we dismiss the appeal under Pa.R.A.P. 501 because CYF was not aggrieved by the trial court's order.

¶ 2 On June 4, 2007, CYF filed a petition alleging that J.G., a seven-month-old child, was physically abused. In that petition, CYF "believed" and "averred" that M.N. ("Mother") and J.G. ("Father") (collectively "Parents") perpetrated the physical abuse against J.G. by commission and/or omission. R.R. at 6a. In their prayer for relief, CYF requested that the court "adjudicate [J.G.] a dependent child, [and] award temporary legal and physical custody to [CYF]." *Id.* at 7a.

¶ 3 The trial court appointed a Master to hear CYF's petition for dependency and a guardian *ad litem* was appointed to represent the interest of J.G. Following hearing, the Master, on June 25, 2007, found that J.G. was "a dependent child due to lack of proper parental care and control." R.R. at 527a. Given the serious and grave nature of J.G.'s injuries, the Master further found that J.G. was "an abused child as that term is defined by Pennsylvania's Child Protective Services Act." *Id.* The Master, however, found that the evidence was insufficient to establish the precise perpetrator of the abuse. *Id.* This is because the Master found that J.G. was equally in the control and custody of a baby-sitter ("Baby-sitter") at the time of his injuries. *See* Trial Court Opinion (T.C.O.), 4/18/08, at 2–13. Ultimately, the Master recommended that the trial court adjudicate J.G. dependent and proposed that CYF be awarded temporary legal and physical custody of J.G. so that J.G. could be placed in foster care. R.R. at 527a.

¶ 4 On June 29, 2007, J.G.'s guardian *ad litem* filed a motion challenging the Master's recommendation. R.R. at 523a. Specifically, the guardian *ad litem* requested that the trial court reject the Master's finding that the evidence failed to establish Parents as the perpetrators of the abuse and enter an order finding that Parents perpetrated the abuse. *Id.* at 524a. In the alternative, the guardian *ad litem* asked the trial court to conduct a rehearing on the issue. *Id.*[1] On July 16, 2007, the trial court adopted the Master's recommendation in part, and entered a temporary order which concluded that J.G. was a dependent child and awarded legal and physical custody to CYF. *Id.* The trial court, however, decided to revisit the Master's findings insofar as they recommended the evidence was inadequate to identify Parents as the perpetrators of the abuse.

---

1. On July 6, 2007, CYF filed a "response" to the guardian *ad litem's* motion, joining in its averments and conclusions of law. R.R. at 537a–38a. Given this uncertain procedural posture, we decline to address the issue of whether CYF waived its claims on appeal for failing to file a timely motion challenging the master's recommendation before the trial court. R.R. at 537a–38a; *see* Pa.R.J.C.P. 1191(C) (stating that a party can challenge the master's recommendation by filing a motion within three days of receipt of the recommendation). We, however, strongly recommend that a party seeking to challenge a master's findings or conclusions file its own timely motion with the trial court, rather than join in the timely motion of another by way of response, in order to ensure that issues are properly raised and preserved for appellate review.

*Id.* The trial court scheduled the case to be "heard for adjudication/disposition" on July 30, 2007, ostensibly to address this single issue. *Id.*

¶ 5 Following oral arguments and review of the transcripts of the Master's hearings, the trial court entered an order on January 2, 2008 denying the guardian *ad litem's* motion challenging the Master's recommendation. R.R. at 546a. In this order, the trial court specifically denied the guardian *ad litem's* request for a rehearing and adopted the Master's recommendation that the evidence failed to demonstrate that Parents were the perpetrators of the abuse. *Id.* In its Pa.R.A.P. 1925(a) opinion, the trial court addressed this issue as follows:

> If J.G. had been solely in the custody of his parents at the time the injuries were inflicted, the evidence would clearly be sufficient to identity them as perpetrators of the abuse by commission or omission. However, the testimony clearly shows that the child was in the care of the babysitter while the parents worked during the three-month period preceding the child's hospitalization. Dr. [Allan] DeJong opined that the forearm fractures were inflicted between two and four weeks prior to the child's hospitalization. During that two to four-week period, the child was in the custody of both the parents and the babysitter. Similarly, Dr. DeJong testified that the subdural hematoma and related injuries, which brought about the child's hospitalization on May 31, 2007, were inflicted within the seventy-two hours preceding the CT scan which was taken at 3:30 p.m. on May 31, 2007. Because the child was in the care of both his parents and the babysitter for extended periods during the windows of time in which the injuries were inflicted, it is impossible to

identify the perpetrator based on caregiver status alone. Other than caregiver status, there is no evidence of record to support a finding that J.G.'s parents were perpetrators of the abuse.

T.C.O., 4/18/08, at 12.

¶ 6 The trial court's orders of July 16, 2007 and January 2, 2008 collectively demonstrate that the trial court adopted the Master's recommendation in whole, and that the order of January 2, 2008 constituted a final and appealable order.

¶ 7 Following the trial court's decision on January 2, 2008, CYF filed a timely notice of appeal to this Court.

¶ 8 On appeal, CYF raises the following issues for review:

A. DID THE TRIAL COURT ERR WHEN, DESPITE THE FACT THAT THE MINOR CHILD SUFFERED SERIOUS INFLICTED INJURIES ON MORE THAN ONE OCCASION AND OVER THE COURSE OF SEVERAL WEEKS, IN NOT FINDING THAT THE PARENTS WERE THE PERPETRATORS OF THIS PHYSICAL ABUSE?

B. DID THE TRIAL COURT ERR IN FAILING TO FIND, DESPITE THE EVIDENCE PRESENTED TO THE COURT AND DESPITE THE PRESUMPTION RAISED IN 23 PA.C.S. § 6381(d), "PRIMA FACIE EVIDENCE OF ABUSE," THAT THE PERPETRATORS OF THE ABUSE AGAINST THE MINOR CHILD WERE HIS CARETAKERS, I.E., HIS PARENTS?

Brief for CYF at 6.[2]

¶ 9 As a prefatory matter, we must determine whether CYF's appeal is

2. The Pennsylvania Children and Youth Solicitors Association and Community Legal Ser-

properly before this Court. Rule 501 of the Pennsylvania Rules of Appellate Procedure states:

### Rule 501. Any Aggrieved Party May Appeal

Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom.

*Note:* Whether or not a party is aggrieved by the action below is a substantive question determined by the effect of the action on the party, etc.

Pa.R.A.P. 501.

¶ 10 Under Pa.R.A.P. 501, "[o]nly an aggrieved party can appeal from an order entered by a lower court." *Commonwealth v. Polo*, 563 Pa. 218, 759 A.2d 372, 373 n. 1 (2000). This Court has consistently held that for purposes of Pa. R.A.P. 501, "[a] party is 'aggrieved' when the party has been adversely affected by the decision from which the appeal is taken. A prevailing party is not 'aggrieved' and therefore, does not have standing to appeal an order that has been entered in his or her favor." *Ratti v. Wheeling Pittsburgh Steel Corp.*, 758 A.2d 695, 700 (Pa.Super.2000); *see Clairton Corp. v. Chicago Title Ins.*, 438 Pa.Super. 488, 652 A.2d 916, 921 (1995); *Green v. SEPTA*, 380 Pa.Super. 268, 551 A.2d 578 (1988). Although a prevailing party may disagree with the trial court's legal reasoning or findings of fact, the prevailing party's interest is not adversely affected by the trial court's ultimate order because the prevailing party was meritorious in the proceedings below. *Almeida v. W.C.A.B. (Herman Goldner Co.)*, 844 A.2d 642, 644 (Pa. Cmwlth.2004); *ACS Enters. v. Norristown Borough Zoning Hearing Bd.*, 659 A.2d 651, 654 (Pa.Cmwlth.1995); *Middletown*

*Township v. Pa. Public Util. Com.*, 85 Pa.Cmwlth. 191, 482 A.2d 674, 685 (1984).

¶ 11 Here, CYF filed a petition under 42 Pa.C.S.A. § 6302, alleging that it "believed" and "averred" that Parents physically abused J.G. Significantly, in its petition, CYF did not request a specific finding that Parents perpetrated the abuse. Rather, in their prayer for relief, CYF only sought an order of court adjudicating J.G. a dependent child and awarding temporary legal and physical custody to CYF. At the conclusion of the proceedings, the trial court granted all of CYF's requests for relief; the trial court concluded that J.G. was a dependent child and granted CYF temporary legal and physical custody. Although the trial court was unable to find that Parents abused J.G., it did find that J.G. was physically abused. On appeal, CYF challenges the trial court's factual finding that the evidence was inadequate to identify Parents as the abusers. In particular, CYF claims that the trial court erred in evaluating the weight and credibility of the evidence and in failing to properly employ the evidentiary presumption of 23 Pa.C.S.A. § 6381(d) to make a specific finding of fact; *i.e.*, that Parents committed the abuse.

¶ 12 Our scope of review in child dependency cases "is limited in a fundamental manner by our inability to nullify the fact-finding of the lower court." *In re Read*, 693 A.2d 607, 610 (Pa.Super.1997). We accord great weight to the hearing judge's findings of fact because he/she is in the best position to observe and rule upon the credibility of the witnesses. *Id.* "Relying on this unique posture, we will not overrule the findings of the trial court if they are supported by competent evidence." *Id.*

vices, Inc. have filed *amicus curiae* briefs in    this matter.

¶ 13 In pertinent part, 23 Pa.C.S.A. § 6381 states:

### § 6381. Evidence in court proceedings

\*     \*     \*

(d) PRIMA FACIE EVIDENCE OF ABUSE.—Evidence that a child has suffered child abuse of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the welfare of the child shall be prima facie evidence of child abuse by the parent or other person responsible for the welfare of the child.

23 Pa.C.S.A. § 6381(d).

¶ 14 Our review of 23 Pa.C.S.A. § 6381(d) indicates that the provision creates a rule that is procedural in nature, particularly an evidentiary presumption, as opposed to a rule of substantive law. Under 23 Pa.C.S.A. § 6381(d), a person is an abuser if it is established that the child suffered a particular type of harm, namely "of such nature as would ordinarily not be sustained or exist except by reason of the acts or omissions," and the person is proved to have had responsibility "for the welfare of the child" at the time of injury. *Id.* The statute eases the burden of proof by providing for a presumption on the basis that the parent and/or person "was responsible for the welfare of the child" at the time the abuse occurred.

■ ¶ 15 In interpreting 23 Pa.C.S.A. § 6381(d), we decline to read the phrase, "by the parent or the other person," as a disjunctive clause mandating strict proof of either one or the other for the presumption to apply. Rather, to effectuate the underlying intent of the statute and preserve the health and welfare of the child, we find that the phrase, "by the parent or the other person," is a term simultaneously encompassing both the singular and the plural. Stated differently, proof of the nature of the child's harm, alone, is prima facie evidence of child abuse by anyone and/or all who are found to be "responsible for the welfare of the child" during the time of the alleged injuries. *See In the Interest of J.R.W.,* 428 Pa.Super. 597, 631 A.2d 1019 (1993) (affirming trial court's order finding that either or both of the parents abused the child).

■ ¶ 16 Where the trial court finds that based upon the evidence, it is unable to determine which parent(s) or person(s) "assumed responsibility for the welfare of" child at the time of the injury, the viability of the presumption in 23 Pa.C.S.A. § 6381(d) is questionable. In these factual scenarios, it would be illogical to require CYS to prove, and the trial court to find, that either one or the other of the alleged perpetrators committed the abuse as a prerequisite to finding that a child was abused and declaring the child dependent. There is no statutory provision in the Child Protective Services Law or the Juvenile Act to suggest that the trial court must make a specific finding as to which caretaker perpetrated the abuse in order to adjudicate a dependent. Indeed, these are two separate inquires. In *In the Interest of J.R.W.,* 428 Pa.Super. 597, 631 A.2d 1019, 1024 (1993), a panel of this Court explained:

Th[e] lessened standard of establishing abuse by the caretakers, coupled with the clear and convincing evidence necessary to find dependency, has been imposed by the Legislature as the standard which the Juvenile Court must apply in deciding abuse cases. Prima facie evidence is not the standard that establishes the child has been abused, which must be established by clear and convincing evidence; it is the standard by which the court determines whom the abuser would be in a given case.

*Id.* Additionally, "[a] finding of dependency must be supported by clear and convincing evidence that proper parental care and control are not available." *In re Read,* 693 A.2d at 610. Therefore, in light of the broad definition of dependency, it is conceivable that Parents have not provided J.G. with "proper parental care and control" even without a specific finding that they abused J.G.

¶ 17 Given the facts of a particular case, it may be impossible for CYF or the trial court to determine which perpetrators(s) committed the abuse. This is especially true where, as here, the evidence is inconclusive as to who had control or supervision over the child at the time of the abuse. In these conditions, the presumption in 23 Pa.C.S.A. § 6381(d) is inherently self-rebutting, and applying it to one or both persons alleged to be the perpetrators would be arbitrary and capricious in the absence of a credibility determination and a factual finding by the trial court to the contrary. *See C.E. v. Dep't of Pub. Welfare,* 917 A.2d 348, 356 (Pa.Cmwlth. 2007) (concluding that the presumption in 23 Pa.C.S.A. § 6381(d) was inapplicable where several adults supervised the child for "a substantial period of time" prior to the discovery of the injury). Quite simply, 23 Pa.C.S.A. § 6381(d) is a rule of evidence, and in situations as those presented herein, the effect and applicability of its presumption is entirely dependent upon the trial court's rejection or acceptance of the proffered evidence and the weight that it accords that evidence.

¶ 18 Although CYF was the prevailing party below, receiving all of its requested relief, CYF does nothing more in this appeal than seek to impeach the trial court's findings of fact. "It is an elementary rule of appellate practice that one does not appeal a finding of fact of a tribunal but, rather, the order of the tribunal." *Almeida,* 844 A.2d at 644. To the extent CYF attempts to challenge the trial court's application of the presumption in 23 Pa.C.S.A. § 6381(d), this issue, in turn, depends entirely upon an evaluation of the trial court's underlying credibility and weight determinations. Regardless of whether Parents or Baby-sitter perpetrated the abuse, CYF's arguments on appeal impugn the trial court's assessment of the evidence on a legal issue that was ultimately decided in its favor, *i.e.,* that J.G. was declared dependent under the Juvenile Act. "[A] prevailing party's disagreement with the legal reasoning or basis for a decision does not amount to a cognizable aggrievement necessary to establish standing." *ACS Enters.,* 659 A.2d at 654. Therefore, we conclude that CYF, as the prevailing party, was not aggrieved by the trial court's order and cannot maintain this appeal. For this reason, we dismiss CYF's appeal.[3]

¶ 19 Appeal dismissed.

¶ 20 Judge ORIE MELVIN Concurs in the Result.

---

**3.** We recognize that our Supreme Court, at least on one occasion, has held that a statute providing a governmental agency with broad powers may confer that agency with a form of automatic standing to *commence* a lawsuit. *In re T.J.,* 559 Pa. 118, 739 A.2d 478 (1999). This rule of law, however, has never been extended to grant a governmental agency with standing to *appeal* from an order in which it was not aggrieved. We decline to make such an expansion here.