J-S68024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: M.T., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: M.T., FATHER | No. 1543 EDA 2014 |

Appeal from the Order entered March 21, 2014,
in the Court of Common Pleas of Philadelphia County, Family
Court, at No(s): CP-51-AP-0001772-2013

BEFORE:   ALLEN, JENKINS, and MUSMANNO, JJ.

MEMORANDUM BY JENKINS, J.:                    **FILED FEBRUARY 06, 2015**

M.T. ("Father") appeals from the order entered on March 21, 2014, finding that his daughter, M.T., born March of 2013 ("Child"), was the victim of aggravated child abuse and finding the abuse proven as to Father. Additionally, the trial court ordered that efforts were to remain toward reunification with Father.  We affirm.

On August 19, 2013, the Department of Human Services ("DHS") received a Child Protective Services ("CPS") Report alleging that Child had been taken to Children's Hospital of Philadelphia ("CHOP") on August 18, 2013 for a physical examination, lung examination, chest X-rays, and blood tests, which revealed multiple healing rib fractures involving the fourth through ninth lateral left ribs, the left eighth posterior rib, and the sixth through eighth lateral right ribs.   The report also stated there was an area of scoliosis on the tenth left rib that may have been caused by injury, and there was situs solitus with the left aortic arch.   The report stated that

Father took Child to the Emergency Room because of concerns related to Child's breathing. The report also stated that Father explained Child's injuries occurred either from a fall from a bed when Child was under the supervision of Father's girlfriend, P.D., or from when Father may have squeezed Child tightly while holding her during a physical altercation with Mother. The physical confrontation between Father and Mother occurred when Child was approximately two months old. After the incident, Child remained in the exclusive physical custody of Father. Furthermore, the report alleged that the hospital suspected Child's injuries were non-accidental, and that Father's explanations were not plausible.

On August 22, 2013, DHS obtained an Order of Protective Custody ("OPC"), and placed Child in the care of F.W., Child's godmother. At a shelter care hearing on August 23, 2013, the OPC was lifted, and the temporary commitment to DHS was ordered to stand. Following an adjudication hearing on August 30, 2013, Child was adjudicated dependent and committed to DHS. The August 30, 2013 order directed that Child was to be referred to Child Link for services; that Mother and Father be referred to the Clinical Evaluation Unit for drug and alcohol screen and dual diagnosis assessment; and that Father be referred to the Achieving Reunification Center for services.

On November 18, 2013, a permanency review hearing was held. Following the hearing, the trial court ordered Child to remain as committed

to DHS with the goal of reunification. The trial court also ordered Mother and Father to have weekly line of sight supervised visits with Child at DHS.

On March 21, 2014, the trial court held another permanency review hearing where DHS filed a petition alleging child abuse and aggravated circumstances. At the hearing, Stephanie A. Deutsch, M.D.; Paul Grace, a DHS caseworker; Jillian Johnston, a DHS caseworker; and Father testified. Following the hearing, the trial court directed that Child was to remain in foster care placement, and that Child's placement plan was to remain as reunification. The order further found Child was the victim of child abuse, that aggravated circumstances existed, and that such abuse was proven as to Father.

On April 21, 2014, Father filed a notice of appeal, along with a Concise Statement of Errors Complained of on Appeal, pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).

On appeal, Father raises the following issues:

1. Did the lower court err in determining that aggravated circumstances exist against Father as DHS failed to prove the circumstances by "clear and convincing evidence" that Father either directly or by neglect caused [C]hild's injuries as required by 42 Pa.C.S.[] § 6341(c.1) and 42 Pa.C.S.[] § 6302 [?]

2. Did the lower court err in finding that Father committed child abuse under the Child Protective Service Law, 23 Pa.C.S.[] § 6301 et seq.[?]

J-S68024-14

Father's Brief at 4.[1]

We review the trial court's decisions in a dependency action as follows:

[T]he standard this Court employs is broad. We accept the [juvenile] court's factual findings that are supported by the record, and defer to the court's credibility determinations. We accord great weight to this function of the hearing judge because [s]he is in the position to observe and rule upon the credibility of the witnesses and the parties who appear before [her]. Relying upon [her] unique posture, we will not overrule [the juvenile court's findings] if they are supported by competent evidence.

*In re L.Z.*, 91 A.3d 208, 214 *appeal granted*, 96 A.3d 989 (Pa.2014) (citations omitted) (quoting *In re R.P.*, 957 A.2d 1205, 1211 (Pa.Super.2008)).

Father challenges the trial court's findings that Father committed child abuse, and that aggravated circumstances exist against Father. Father's Brief at 13.

The Child Protective Services Law defines "child abuse", in relevant part, as follows:

(i)   Any recent act or failure to act by a perpetrator which causes nonaccidental serious physical injury to a child under 18 years of age.

23 Pa.C.S. § 6303(b)(1)(i). Further, the Child Protective Services Law defines "serious physical injury", in relevant part, as:

An injury that:

(1)   causes a child severe pain[.]

_____

[1] Father does not challenge the trial court's determination that Child is dependent, as defined in the Juvenile Act, 23 Pa.C.S. § 6302.

- 4 -

23 Pa.C.S. § 6303(a)(1).

The Juvenile Act, at Section 6302, defines "Aggravated circumstances" as including the following:

> (2)    The child or another child of the parent has been the victim of physical abuse resulting in serious bodily injury, sexual violence or aggravated physical neglect by the parent.

42 Pa.C.S. § 6302.  In turn, the Juvenile Act defines "serious bodily injury" as:

> Bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ.

42 Pa.C.S. § 6302.

The Juvenile Act defines "aggravated physical neglect" as:

> Any omission in the care of a child which results in a life-threatening condition or seriously impairs the child's functioning.

42 Pa.C.S. § 6302.

The trial court found that there are aggravating circumstances that exist in relation to Child.  Trial Court Opinion, 6/27/14, at 5, 8.  The trial court based its finding on the testimony of Stephanie A. Deutsch, M.D., and Paul Grace, a DHS caseworker.  Dr. Deutsch testified that Child's chest X-ray showed multiple healing posterior rib fractures and multiple healing lateral rib fractures.  N.T. 3/21/2014, at 20.  Dr. Deutsch testified that Child had, in her left lateral ribs, fractures in ribs five through eight; in her right lateral ribs, fractures in six through eight; and, in her left posterior ribs, fractures in six through ten.  *Id.* at 21.  Dr. Deutsch testified that Child's CT scan was

significant for cephalohematoma, which is fluid and soft tissue swelling that was visualized on the scalp. *Id.* at 22. Dr. Deutsch testified that Child's MRI of her brain showed right frontal parietal bone calvarial thickening, which indicates there was a fracture that is now healing. *Id.* at 25.

Dr. Deutsch further testified that Child's head injuries could have been caused by a fall from a bed. *Id.* However, Dr. Deutsch testified that a fall from a bed would not be a possible mechanism for rib fractures. *Id.* at 25. Based upon the X-ray of Child's ribs, Dr. Deutsch concluded that the injuries occurred within two to three weeks prior to when she was brought into CHOP. *Id.* at 26. Based on the medical evidence and interviews with Father, Dr. Deutsch and Mr. Grace found that Child's injuries were non-accidental, and that Father's explanations for Child's injuries were not plausible. *Id.* at 9, 25. Furthermore, Dr. Deutsch testified that, if there is non-accidental injury to a child, there is a very high likelihood of abuse. *Id.* at 27. The trial court's determination is supported by the competent evidence of record, i.e., the expert opinion of Dr. Deutsch that Child suffered non-accidental injuries, which the trial court found to be credible. Trial Court Opinion, 6/27/14, at 8. Thus, we will not disturb that determination. *See In re L.Z.*, 91 A.3d at 214; *In re R.P.*, 957 A.2d at 1211.

The trial court found that Father's testimony was not credible, thus rejecting his assertion that Child had fallen off the bed while in the care of his girlfriend, and that Father had immediately brought Child to the hospital

due to her respiratory issues. Trial Court Opinion, 6/27/14, at 8. Accordingly, the court found that the rib fractures constituted child abuse because the rib fractures constituted a non-accidental, serious physical injury that caused Child severe pain. We conclude that the trial court properly found, by clear and convincing evidence, that Child was the victim of physical abuse resulting in serious bodily injury, which supports the finding of aggravated circumstances.

Next, we consider whether the trial court properly found that Father was the perpetrator of physical abuse or aggravated physical neglect of Child. Father argues that the trial court's application of § 6381(d) is inapplicable to him. Father's Brief at 12. Father argues that his girlfriend also cared for Child, and Child may have fallen off the bed in her care. *Id.* at 13.

This Court has summarized the controlling case law as follows.

> Pursuant to § 6381(d) of the Law, "[e]vidence that a child has suffered child abuse of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the welfare of the child shall be *prima facie* evidence of child abuse by the parent or other person responsible for the welfare of the child." 23 Pa.C.S.[] § 6381(d). In other words, "[o]nce abuse has been established [by clear and convincing evidence], a finding that the caretakers were the abusers need only be shown by *prima facie* evidence that the abuse normally would not have occurred except by reason of acts or omissions of the caretakers because the likelihood that the abuse occurred at the hands of someone other than a caretaker is small." *Read*, 693 A.2d at 610. Section 6381(d) "creates a rule that is procedural in nature, particularly an evidentiary presumption, as opposed to a rule of substantive law." *In re J.G.*, 984 A.2d 541, 547

(Pa.Super.2009) (*en banc*), *appeal denied,* 605 Pa. 715, 991 A.2d 313 (2010). Thus, under § 6381(d), "a person is an abuser if it is established that the child suffered a particular type of harm, namely of such nature as would ordinarily not be sustained or exist except by reasons of the act or omissions, **and the person is proved to have had responsibility for the welfare of the child at the time of the injury.**" *Id.* (internal quotations removed; emphasis supplied).

Section 6381(d) does not, however, permit the court to designate a parent a perpetrator of abuse where the record fails to establish that the child was in the parent's care at the time of the injury. Where the record is unclear as to which parent or person was responsible for the child at the time of the abuse, "the viability of the presumption in [§ 6381(d)] is questionable." *Id.* As this Court noted in *In re J.G.:*

> Given the facts of a particular case, it may be impossible for [Children Youth and Families] or the trial court to determine which perpetrator(s) committed the abuse. This is especially true where, as here, the evidence is inconclusive as to who had control or supervision over the child **at the time of the abuse.** In these conditions, the presumption in 23 Pa.C.S.[] § 6381(d) is inherently self-rebutting, and applying it to one or both persons alleged to be the perpetrators would be arbitrary and capricious[.]

984 A.2d at 548 (emphasis supplied). *See also C.E. v. Dep't of Pub. Welfare*, 917 A.2d 348, 356–57 (Pa. Cmwlth. 2007) (Section 6381(d) presumption does not apply where the alleged perpetrator was one of several adults who was responsible for the child on part of the day on which the injury occurred).

*In re L.Z.*, 91 A.3d 208, 216-17.

Further, we explained:

> In *In re J.R.W.,* the evidence established that the child suffered life-threatening injuries as a result of shaken baby syndrome "while in the care and custody of her parents." 631 A.2d at 1021. Although the trial court was unable to determine whether one or both of the child's parents perpetrated the abuse, the injuries were sustained "while in her parents' care." *Id.* Thus,

the presumption established by § 6381(d) of the Law was met as "the primary custodians **during the time of the abuse** were the parents[.]" ***Id.*** at 1025 (emphasis supplied).

***In re L.Z.***, 91 A.3d at 219.

In the instant case, Father had custody of Child when Child was two months old. Child's injuries were discovered when Child was five months old. N.T. 3/21/2014, at 14-15. During that three-month period, Father and his girlfriend were in exclusive physical custody of Child. ***Id.*** at 15. Dr. Deutsch testified the rib fractures may have occurred two to three weeks prior to Child's admittance to the hospital. The trial court's finding that Child was in the exclusive custody of Father and Father's girlfriend when Child's rib fractures occurred is supported by the record. ***See In re R.P.***, 957 A.2d at 1211, 1218-1219.

Upon our careful review of the record in the instant matter, we find ample evidence supports the conclusion that Father's acts or omissions resulted in abuse pursuant to the application of the *prima facie* evidence of abuse rule set forth at 23 Pa.C.S. § 6381(d). Accordingly, we affirm the order of the trial court finding aggravated circumstances, and finding Father a perpetrator of child abuse.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/2015