J-A02040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WILLIAM R. GOODWIN, MIDDLE CREEK QUARRY, INC., AND BILL GOODWIN CONSTRUCTION, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CABEL PROPERTIES, LLC, GEORGE CABEL ASSOCIATES, LLC, AND GEORGE P. CABEL | |
| Appellees | No. 1773 EDA 2014 |
| CABEL PROPERTIES, LLC, GEORGE CABEL ASSOCIATES, LLC, AND GEORGE P. CABEL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| WILLIAM R. GOODWIN, MIDDLE CREEK QUARRY, INC., AND BILL GOODWIN CONSTRUCTION, LLC | |
| Appellees | No. 1773 EDA 2014 |

Appeal from the Order Entered May 12, 2014
In the Court of Common Pleas of Wayne County
Civil Division at No(s): 619-CV-2013 & 569-CV-2013

BEFORE:  PANELLA, J., LAZARUS, J., and WECHT, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 24, 2015**

Appellants, Cabel Properties, LLC, George Cabel Associates, LLC, and

George P. Cabel (collectively, "Cabel"), appeal from the order entered on

May 12, 2014 that denied the preliminary injunction sought by Appellees,

William R. Goodwin, Middle Creek Quarry, Inc., and Bill Goodwin Construction, LLC (collectively, "Goodwin"). Through the preliminary injunction, Goodwin sought to enjoin Cabel from operating a quarry, the ownership of which is the subject of litigation between the parties and intervenor, E.R. Linde Construction Corporation. Cabel concedes that it was the prevailing party in the preliminary injunction order at issue, but appeals asserting that the findings of fact contained in the order are contrary to its position in the ownership litigation and that these facts now constitute the law of the case therein. After careful review, we quash.

Given our resolution of this appeal, a detailed recitation of the factual and procedural history is unnecessary. As noted above, the parties are involved in litigating the ownership of a quarry in a related matter. For a detailed factual history of the genesis of that litigation, we refer the interested reader to **E.R. Linde Construction Corp. v. Goodwin**, 68 A.3d 346 (Pa. Super. 2013) (Panella, J.).

By way of summary, Goodwin owned the quarry, but had granted a right of first refusal in the real estate to Linde. Cabel subsequently made an offer for the real estate plus equipment and various other assets associated with Goodwin's operation of the quarry for a price significantly higher than what the real estate alone was worth. At the same time, Cabel entered into an agreement with Goodwin to operate the quarry while Goodwin still held ownership. When Goodwin presented Cabel's offer to Linde to accept, Linde

- 2 -

refused, arguing that its right of first refusal was limited to merely the real estate. Goodwin and Cabel executed a final purchase agreement, which was explicitly subject to the final legal resolution of Linde's right of first refusal. Ultimately, this Court agreed with Linde, and the case was remanded to the trial court for further proceedings.

Upon remand, the trial court entered an order prohibiting the sale of the quarry pending the outcome of litigation between Linde and Goodwin. While awaiting the trial, Cabel filed a complaint against Goodwin asserting causes of action in equity and breach of contract. Goodwin responded by asserting claims for ejectment, breach of contract, and tortious interference with contractual relationships. These actions were consolidated in the trial court.

On January 22, 2014, Goodwin filed the instant petition seeking a preliminary injunction to prohibit Cabel from continuing to operate the quarry. Approximately one month later, on the eve of trial, Goodwin and Linde settled their claims, and the prohibition on sale of the quarry was lifted. A deed was subsequently recorded granting undivided 50% interests in the quarry to Goodwin and Linde. Cabel continued to operate the quarry as Cabel and Linde used different areas of the quarry.

After several hearings, the trial court entered an order and opinion denying Goodwin's petition seeking to prohibit Cabel from operating the

quarry.  In its opinion, the trial court made numerous findings of fact.  Of most relevance to Cabel's arguments on appeal are paragraph 16 and 21.

> 16.  As a result of Mr. Cabel entering into the Purchase Agreement and Management Agreement with the knowledge that Linde could exercise the right of first refusal and with Mr. Cabel's acknowledgment that he took subsequent to the Lease, Linde's undivided 50% interest in the Quarry is settled.
>
> …
>
> 21.  Respondents have not violated the Purchase Agreement by failing to close on the Property within 120 days; the injunction was lifted on February 24, 2014, and 120 days have not passed.

Trial Court Opinion, 5/12/14, at 4-5.

On appeal, Cabel first argues that, through paragraph 16 of its opinion, the trial court established the law of the case in the underlying litigation between Cabel and Goodwin.  Specifically, that Linde has a valid ownership interest in the quarry.  Second, Cabel contends that through paragraph 21, the trial court improperly ruled as a matter of law that the deadline for closing on the property was 120 days from February 24, 2014. We conclude that neither of these issues is properly before us.

Goodwin and Linde contend that Cabel has no standing to appeal the trial court's order as Cabel was the prevailing party.  Under the Rules of Appellate Procedure, any party who is "aggrieved by an appealable order" may file an appeal.  Pa.R.A.P., Rule 501.  Only aggrieved parties have standing to appeal a court order.  ***See In re J.G.***, 984 A.2d 541, 546 (Pa. Super. 2009).  "A prevailing party is not 'aggrieved' and therefore, does not

- 4 -

have standing to appeal an order that has been entered in his or her favor." *Id*. (citations and quotation marks omitted). Even if the prevailing party disagrees with the factual findings or legal reasoning supporting the order, he does not have standing to appeal from it. *See id*.

Clearly, Cabel was the prevailing party in the trial court, as he opposed the preliminary injunction sought by Goodwin, and the trial court denied Goodwin relief. To escape the application of Rule 501 to this appeal, Cabel argues that under Rule 311(a)(2), he has an appeal as of right, as the trial court's order denying the preliminary injunction "awarded relief to Linde in the form of an order stating that it owned a fifty percent undivided interest in the Quarry, and the issue of its ownership was 'settled.'" Appellants' Reply Brief to Intervenor Linde, at 5 (citation omitted).

Rule 311(a)(2) provides that a party may appeal as of right from an interlocutory order that confirms, modifies or dissolves or refuses to confirm, modify or dissolve "an attachment, custodianship, receivership or similar matter affecting the possession or control of property[.]" Pa.R.A.P., Rule 311(a)(2). Cabel argues that the trial court's findings and conclusions of law constitute a "similar matter affecting the possession or control of property[,]" as the trial court held that (a) Linde had a settled 50% interest in the quarry, and (b) Cabel had 120 days from the dissolution of the order prohibiting sale of the quarry in which to close. In applying this phrase, this Court has held that it requires that the order at issue, standing alone, makes

a final disposition of the property. ***See Rappaport v. Stein***, 520 A.2d 480, 484 (Pa. Super. 1987).

The instant order denying a preliminary injunction does not make a final disposition of the property. The concluding sentence of the opinion clearly reveals the limited nature of the order: "Since Cabel still maintains rights under the Purchase and Management Agreements with Goodwin, and there being no expiration or default apparent by Cabel, an injunction filed solely by Goodwin fails as to Goodwin's remaining 50% undivided interest in the Quarry." Trial Court Opinion, 5/12/14, at 10. We concede that Cabel's argument that the trial court has concluded that Goodwin only retains a 50% undivided interest in the quarry, and that Linde owns the remaining 50% undivided interest is not without merit. However, the order clearly provides that Cabel still has rights under his agreement with Goodwin. Furthermore, the language of the order itself indicates that the trial court was properly only deciding the issue before it. The court's discussion of its present understanding of the circumstances of the property is subject to revision pending the development of further facts in the underlying litigation.

Thus, the order does not constitute a final disposition of the property. Nor does the trial court's language regarding the start of the 120 day deadline for closing on Cabel's purchase of the quarry subject to Linde's right of first refusal cause a final disposition of the property.

As we conclude that Cabel was not aggrieved by the trial court's order, and that the order does not constitute a final disposition of the quarry, we conclude that Cabel does not have standing to pursue this appeal. We therefore quash the appeal.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2015