J. S55034/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| N.L.M., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 116 EDA 2018 |
| | : | |
| F.C.D. | : | |

Appeal from the Order Entered November 22, 2017,
in the Court of Common Pleas of Bucks County
Civil Division at No. A06-2017-62133-A-35

BEFORE:  OLSON, J., STABILE, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JANUARY 11, 2019**

N.L.M. appeals from the November 22, 2017 final protection from abuse ("PFA") order entered in the Court of Common Pleas of Bucks County against F.C.D. pursuant to the Protection from Abuse Act, 23 Pa.C.S.A. §§ 6101-6122. We reverse and remand.

The record reflects that on November 14, 2017, N.L.M. filed a petition for final PFA order against F.C.D., her former intimate partner.  In her petition, N.L.M. alleged, among other things, that F.C.D. had physically abused her; had violated a no-contact order by "incessantly" texting and telephoning her; had destroyed her personal belongings; and had stated that he wanted to hurt her.  (Petition for PFA order, 11/14/17 at ¶¶ 11-12.)

On November 22, 2017, the trial court held a hearing wherein N.L.M. and F.C.D. entered into a final PFA order by "agreement without admission."

(Notes of testimony, 11/22/17 at 2.) The parties presented the trial court with the Bucks County final PFA form order, the first page of which, pursuant to Pa.R.Civ.P. 1905(e), is required to be "exactly" as set forth in Rule 1905(e).[1] **See** Pa.R.Civ.P. 1905(e). The parties agreed, among other things, that the following provision contained on the first page of the final PFA form order would apply:

> [F.C.D.] shall not abuse, harass, stalk or threaten [N.L.M] in any place where [she] might be found.

**See** notes of testimony, 11/22/17 at 2; **see also** Pa.R.Civ.P. 1905(e); final PFA order, 11/22/17 at 1.

The trial court then crossed out the word "harass" from that provision because "[i]t is not under one of the rules as a basis for getting a PFA." (Notes of testimony, 11/2/17 at 3.) N.L.M.'s counsel objected and oral argument ensued. The trial court rejected the position advanced by counsel for N.L.M. and entered the final PFA order with the word "harass" crossed out of the provision set forth above, as well as a similar provision contained on page 2.[2]

---

[1] We note that Rule 1905(e) requires that the remainder of the final PFA order be "substantially" in the form set forth in that rule.

[2] Without the trial court's deletion of the word "harass," the page-2 provision states that "[F.C.D.] shall not abuse, stalk, harass, threaten or attempt to use physical force that would be expected to cause bodily injury to [N.L.M.] or any other protected person in any place where they might be found", which is the verbatim language set forth in Pa.R.Civ.P. 1905(e). (Final PFA order at 2, ¶ 1; **see also** Pa.R.Civ.P. 1905(e).)

On December 20, 2017, N.L.M. filed a notice of appeal. On December 28, 2017, the trial court ordered N.L.M. to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). N.L.M. timely complied. Thereafter, the trial court filed a Rule 1925(a) opinion, followed by a supplemental opinion.

Because N.L.M. prevailed in the trial court, this court ordered her to show cause as to why she has standing to appeal. (Rule to show cause order, 11/22/17.) N.L.M. complied. Thereafter, this court discharged the show-cause order and referred the appealability issue to this merits panel. Prior to addressing N.L.M.'s issues on the merits, then, we must first address the standing issue, as it concerns the appealability of the final PFA order.

A prevailing party is not aggrieved and, therefore, lacks standing to appeal an order that has been entered in his or her favor. **See** Pa.R.A.P. 501 (any aggrieved party may appeal); **see also In re J.G.**, 984 A.2d 541, 546 (Pa.Super. 2009) (party is aggrieved and, therefore, has standing to appeal under aggrieved party rule when the party has been adversely affected by the decision from which the appeal is taken; a prevailing party is not aggrieved and, therefore, does not have standing to appeal an order that has been entered in his or her favor; a prevailing party's disagreement with the legal reasoning or basis for a decision does not amount to a cognizable aggrievement necessary to establish standing necessary for appeal).

Despite prevailing below, N.L.M. contends that she is an aggrieved party because the trial court denied her the full relief that she requested when it deleted the word "harass" from the final PFA order which effectively permits F.C.D. to continue to harass her.  In support, N.L.M. relies upon **Interest of K.C.**, 156 A.3d 1179, 1182 (Pa.Super. 2017), wherein this court found that a prevailing party below had standing to appeal the order because it demonstrated that it was an aggrieved party as a result of the trial court's denial of the full relief it had requested.  Because the trial court denied N.L.M. the full relief that she requested – as well as the full relief that the parties agreed to – she is an aggrieved party and has standing to appeal.

The sum and substance of the remainder of N.L.M.'s claims[3] is that the trial court abused its discretion when it deleted the word "harass" from the final PFA order.  We agree.

---

[3] N.L.M. frames her issues as follows:

> A.    Whether [N.L.M.] as an aggrieved party has standing to appeal when the trial court deletes a crucial protective provision from a final protection from abuse order ostensibly entered in [N.L.M.'s] favor[?]
>
> B.    Whether the definition of abuse in the Protection from Abuse Act includes acts of harassment when the acts are knowingly engaged in as a course of conduct under circumstances that place [N.L.M.] in reasonable fear of bodily injury[?]
>
> C.    If, **arguendo**, the trial court was correct in holding that victims of fear-inducing acts of

In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion. ***Boykai v. Young***, 83 A.3d 1043, 1045 (Pa.Super. 2014) (citation omitted).

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, discretion is abused. Nor does our determination in this regard turn on whether this Court might have reached a different conclusion, but depends instead on whether there was such lack of support for the trial court's action as to render it clearly erroneous.

***Fanning v. Davne***, 795 A.2d 388, 393 (Pa.Super. 2002) (citation omitted).

Pennsylvania Rule of Civil Procedure 1905(e) sets forth the final PFA form order and provides that a final PFA order "shall be substantially in [that] form," and requires that "the first page must be ***exactly as set forth in this rule***[.]" Pa.R.Civ.P. 1905(e) (emphasis added). Our supreme court has explained the need for standardized forms is to provide uniformity for state

---

harassment have insufficient grounds to obtain a PFA order, whether the deletion of the "no harass" protection from [N.L.M.'s] order was still error, when [N.L.M.] was also a victim of ***physical abuse*** that gave sufficient grounds to obtain a PFA order[?]

D. Whether the trial court's revised rationale for its ruling at the hearing, as currently stated in its supplemental opinion, contains new errors of law and abuses of discretion, in that the definition section of the PFA Act ***does*** include acts of "harassment," and the prohibition of harrassment [sic] in a PFA order is ***not*** optional?

N.L.M.'s brief at 4 (emphasis in original; full capitalization omitted).

J. S55034/18

and national enforcement of PFA orders. **See** 1997 Explanatory Comment to Rule 1905(e).

Here, the trial court crossed out the word "harass" from the following required provision contained on the first page of the final PFA form order which the parties agreed would apply:

> Defendant shall not abuse, harass, stalk or threaten any of the above persons in any place where they might be found.

Pa.R.Civ.P. 1905(e); **see also** final PFA order, 11/22/17 at 1.

In so doing, the trial court abused its discretion by overriding the law because Rule 1905(e) requires that the provision be "exactly as set forth" in the rule. In light of our conclusion, we need not address N.L.M.'s remaining issues.

Order reversed. Case remanded. Jurisdiction relinquished.

Stabile, J. joins this Memorandum.

Olson, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/17

- 6 -