J-S34018-21, J-S34019-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DERRICK CHARLES BILGER | : | |
| | : | |
| Appellant | : | No. 998 MDA 2021 |

Appeal from the Order Entered March 8, 2021
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000237-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DERRICK CHARLES BILGER | : | |
| | : | |
| Appellant | : | No. 999 MDA 2021 |

Appeal from the Judgment of Sentence Entered March 4, 2021
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000411-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DERRICK CHARLES BILGER | : | |
| | : | |
| Appellant | : | No. 1000 MDA 2021 |

Appeal from the Judgment of Sentence Entered March 4, 2021
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000413-2020

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED FEBRUARY 18, 2022**

Derrick Charles Bilger appeals from the judgment of sentence entered following his convictions for two counts of possession with intent to deliver ("PWID").[1] He also appeals from an order that dismissed charges against him. We affirm the judgment of sentence and quash the appeal from the order dismissing charges.

The Commonwealth charged Bilger with several crimes at the three trial court dockets listed above. Bilger pled guilty on March 4, 2021, to two counts of PWID, at docket numbers CP-31-CR-0000411-2020 and CP-31-CR-0000413-2020 (respectively, "Docket 411" and "Docket 413"). The trial court dismissed the charges at docket number CP-31-CR-0000237-2020 ("Docket 237"). **See** Order, filed 3/8/21; 1925(a) Op., filed 8/2/21, at 3. The court that same day imposed a negotiated sentence of a total of four to nine years' incarceration. **See** N.T., Guilty Plea Hearing, 3/4/21, at 1-5.

Bilger submitted a *pro se* letter, dated March 10, 2021, and docketed March 15, 2021, asking for an appeal in "all 3 of my cases[.]" **See** *Pro Se* Letter, dated 3/10/21. The letter also stated that he had new evidence and his plea offer "was not fair." **Id.** The court docketed the letter as a notice of appeal at all three trial court dockets.

On March 22, Bilger filed a *pro se* Post Conviction Relief Act ("PCRA") petition, asking to withdraw his guilty plea. **See** PCRA Petition, filed 3/22/21;

---

[1] 35 P.S. § 780-113(a)(30).

42 Pa.C.S.A. §§ 9541-9546. Bilger had counsel at the time of the filing. The trial court held a hearing, on May 21, and counsel informed the court that Bilger had asked about withdrawing his plea after the time to file a post-sentence motion had expired. **See** N.T., 5/21/21, at 2. Counsel stated that he had advised Bilger "since it was beyond the time period[,] to file a PCRA." **Id.**.

Bilger testified that he wanted to withdraw his guilty plea because it was made under duress. He said he only pleaded guilty so that he could get out of "the hole" in the prison facility where he was housed. **Id.** at 6. The court treated both filings as a "timely post-sentence motion," which it denied. **Id.** at 7. An additional appeal followed.

As to the appeal from the order dismissing charges, at Docket 237, we quash the appeal because Bilger lacks standing to appeal. Only an aggrieved party may appeal. **See** Pa.R.A.P. 501. An "aggrieved" party is one whom the order or judgment at issue has affected adversely. **See Ratti v. Wheeling Pittsburgh Steel Corp.**, 758 A.2d 695, 700 (Pa.Super. 2000). No adverse consequences ordinarily occur to the party that wins below, and such a party lacks standing to appeal. **See In re J.G.**, 984 A.2d 541, 546 (Pa.Super. 2009). Since the order at issue dismissed all charges at this docket, it did not adversely affect Bilger and he is not an aggrieved party.

Regarding the judgments of sentence at Dockets 411 and 413, Bilger raises a single issue: "The [t]rial [c]ourt erred in denying [Bilger's] post-sentence motion to withdraw his plea, as he contends that he was under

duress at the time he entered his plea, and believed he had no choice, but to enter his plea." Bilger's Br. at 4.

The lower court treated Bilger's PCRA petition as a post-sentence motion and denied it. Regardless of whether we consider it a post-sentence motion or PCRA petition, the court properly denied it for two reasons. First, Bilger was represented by counsel when he filed it and was improperly engaging in hybrid representation. ***See Commonwealth v. Ali***, 10 A.3d 282, 293 (Pa. 2010) (stating *pro se* filings by represented party are legal nullities). Second, Bilger filed his PCRA petition while his direct appeal was pending. Such a PCRA petition is premature and the court of common pleas lacks jurisdiction to entertain it. ***See Commonwealth v. Smith***, 244 A.3d 13, 16-17 (Pa.Super. 2020).

Appeal at 998 MDA 2021 quashed. Judgments of sentence at 999 MDA 2021 and 1000 MDA 2021 affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2022