J-A25030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ALINA VOLKOVA-BURDA A/K/A ALINA BURDA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN BURDA | : | |
| | : | No. 1789 EDA 2024 |
| Appellant | : | |

Appeal from the Order Entered June 27, 2024
In the Court of Common Pleas of Montgomery County Domestic Relations
at No(s):  2021-DR-00863,
2021-DR-00863, PACSES: 689115061

BEFORE:  OLSON, J., DUBOW, J., and SULLIVAN, J.

JUDGMENT ORDER BY DUBOW, J.:          **FILED OCTOBER 28, 2024**

Appellant, Steven Burda ("Husband"), appeals from the June 27, 2024 order that dismissed the petition for child support that his current wife, Appellee, Alina Burda ("Wife") filed against him.  Wife's petition for child support is part of Husband's scheme to reduce the child support that he must pay to his ex-wife for support of his children from an earlier marriage.  The scheme involves Wife filing numerous child support petitions against Husband for children that are part of their intact family in an effort to reduce Husband's child support obligations for his children with his ex-wife.

The portion of the scheme before this Court began with Wife, once again, filing a petition requesting a court order requiring Husband to pay child support for their children in their intact family.  The trial court dismissed the petition because the trial court lacked subject matter jurisdiction.  Although

the order dismissing the petition for child support was a result that did not require Husband to pay child support and, thus, was favorable to Husband, Husband appealed. Upon review, we dismiss the appeal because the court order benefited, rather than aggrieved, Husband.[1]

In particular, Husband and Wife live together with their three minor children in an intact family. As stated above, since 2014, Wife has filed numerous petitions for child support against Husband in both Montgomery County and Philadelphia County. The trial courts have consistently dismissed Wife's petitions for child support because Husband and Wife maintain an intact family and are not physically or financially separated. The parties have consistently failed to garner relief on appeal. *See Alina Burda v. Stephen Burda*, No. 893 EDA 2014 (Pa. filed Dec. 15, 2014) (non-precedential decision); No. 1846 EDA 2017; No. 20 EDM 2018 (affirming on the merits, dismissing for lack of standing under the aggrieved party rule, and dismissing for failure to pay filing fees, respectively).[2]

_____

[1] Although the court order may have "aggrieved" Husband because it thwarted his efforts to engage in his scheme to lower his child support payments for his other children, we refuse to interpret the term "aggrieved" in a way that supports this outrageous scheme.

[2] Notably, Husband remains highly litigious and his continual refusal to comply with the Pennsylvania Rules of Appellate Procedure and repeated frivolous filings prompted this Court, on February 13, 2019, to permanently deactivate Husband's electronic filing access with this Court and the Montgomery County Court of Common Pleas. *See Steven Burda v. Alla Korman f/k/a Alla Burda*, No. 251 EDA 2019.

Wife continued this scheme by filing the instant child support action against Husband in the Philadelphia County Court of Common Pleas, and, on May 15, 2017, the court dismissed the action because the married couple was not physically or financially separated. After that order became final, Wife filed another petition for child support in the Philadelphia County Court of Common Pleas under the same case number. The court inadvertently transferred the case to the Montgomery County Court of Common Pleas. Over the next three years, the Montgomery County Court of Common Pleas conducted proceedings on the merits of the child support claims. Counsel for the Domestic Relations Office, however, became aware of the scheme and filed an application to dismiss the support action because the parties were neither physically nor financially separated.

Following a hearing, and after reviewing the complete record from Philadelphia County, the Montgomery County trial court discovered that the Philadelphia County trial court had terminated the child support action in 2017. Consequently, on June 27, 2024, the Montgomery County trial court dismissed Wife's child support petition for lack of subject matter jurisdiction and ordered that all court orders filed after May 15, 2017 were null and void. Husband appealed.

As an initial matter, we must determine whether this appeal is properly before this Court. Pursuant to Pa.R.A.P. 501, "only an aggrieved party can appeal from an order entered by the lower court." **Commonwealth v. Polo**, 759 A.2d 372, 373 n.1 (Pa. 2000). "This Court has consistently held that for

purposes of Pa.R.A.P. 501, a party is 'aggrieved' when the party has been adversely affected by the decision from which the appeal is taken. A prevailing party is not 'aggrieved' and therefore, does not have standing to appeal an order that has been entered in his or her favor." *In re J.G.*, 984 A.2d 541, 546 (Pa. Super. 2009) (citation and internal quotation marks omitted). Moreover, a party's "disagreement with the legal reasoning or basis for a decision does not amount to a cognizable aggrievement necessary to establish standing." *Id.* at 548 (citation omitted).

Husband filed this appeal from an order that dismissed Wife's child support petition against him—an order that, consequently, ended his ongoing obligation to pay child support for the children that he shares with Wife and, thus, is favorable to Husband. Since Husband is not aggrieved by the order on appeal, he does not have standing to appeal the court's decision. Therefore, we dismiss this appeal.[3]

We direct the prothonotary to strike this appeal from the November 20, 2024 argument list.

Appeal dismissed. Case stricken from the argument list.

_____

[3] In light of our disposition, Husband's continuance requests as expressed in his October 18, 2024 and October 23, 2024 Acknowledgment of Argument Notices are denied.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>10/28/2024</u>