J-A03024-25

2025 PA Super 141

| | | |
|---|---|---|
| DAJAH HAGANS, AS PARENT AND NATURAL GUARDIAN OF J.H., A MINOR, INDIVIDUALLY AND IN HER OWN RIGHT. | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | | |
| HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA, UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM, TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, KRISTEN LEITNER, M.D., JULIE A. SAYAMA, M.D., WHITNEY R. BENDER, M.D., SARAH GUTMAN, M.D., DENISE JOHNSON, M.D., JESSICA PETERSON, M.D., AND VICTORIA KROESCHE, R.N. | | No. 766 EDA 2024 |
| APPEAL OF: VICTORIA KROESCHE, R.N., SARAH GUTMAN, M.D., WHITNEY BENDER, M.D., AND KIRSTEN LEITNER, M.D. | | |

Appeal from the Judgment Entered January 19, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  190607280

BEFORE:  STABILE, J., McLAUGHLIN, J., and LANE, J.

OPINION BY McLAUGHLIN, J.:                    **FILED JULY 10, 2025**

Victoria Kroesche, R.N., Sarah Gutman, M.D., Whitney Bender, M.D., and Kirsten Leitner, M.D. ("Individual Defendants") appeal from the judgment entered in favor of Dajah Hagans ("Plaintiff" or "D.H."), as parent and natural guardian of J.H., a minor, individually and in her own right, and against the Hospital of the University of Pennsylvania ("HUP"). The Individual Defendants

argue the court erred in denying their post-trial motion to dismiss them with prejudice. We conclude the Individual Defendants lack standing to appeal the judgment and quash this appeal.

This medical malpractice case arose from obstetrics care D.H. received at HUP:

> During the early morning hours of February 22, 2018, then nineteen years old D.H. was pregnant with her first baby, J.H. when her water broke. Around 11:30 a.m. D.H. was transported by ambulance to HUP. . . . [W]ithin three hours of arrival the baby was delivered. Upon waking up from general anesthesia, D.H. inquired about the baby, only to receive vague responses from her mother that someone was coming to talk with her. Ultimately, D.H. was informed that there had been complications and J.H. was in intensive care with a brain injury. Thereafter, J.H. was transported to Children's Hospital of Philadelphia (hereinafter, "CHOP").
>
> As a result of J.H.'s brain injury at birth, he suffers with moderate to severe cerebral palsy, a permanent irrevocable injury and a multitude of other disorders. The devastating ramifications of that brain injury and diagnosis, include that J.H. is nonambulatory, cannot speak, has cortical visual impairment, poor control over his limbs, and is fed by way of a gastrostomy tube. Throughout his life J.H. will be dependent on caregivers to feed, toilet and clean him. Moreover, J.H. will face a lifetime of growth related and orthopedic issues, scoliosis, painful spasticity, muscle tightness and joint pain, to name a few. J.H.'s future holds medicinal interventions (orally, and[] potential use of such procedures as "Baclofen pumps, where it goes right into the brain") and orthopedic surgeries.

Trial Ct. Op., filed May 16, 2024, at 2-3 (citations omitted).

The Individual Defendants were part of D.H.'s care team at HUP – Dr. Leitner was the attending physician; Dr. Bender was the chief resident, Dr. Gutman was the second-year resident; and Kroesche was the nurse. Plaintiff

maintained that during her time at HUP, numerous deviations from standards of care occurred and the deviations, including delaying delivery by cesarean section, caused J.H.'s injuries.

The verdict slip submitted to the jury did not list each of the Individual Defendants separately. Rather, over a defense objection, it asked:

> 1. Do you find that the conduct of the Hospital of the University of Pennsylvania, acting by and through Dr. Kristin Leitner, Dr. Whitney Bender, Dr. Sarah Gutman, Dr. Julie Suyama[1] and nurse Victoria Kroesche, fell below the applicable standard of care? In other words, was the Defendant negligent?

Verdict Slip, dated Apr. 21, 2013, at 1. The jury answered "yes." The jury also found the negligence "caused harm and/or increased the risk of harm." It awarded $182,737,791.00 in damages.

The Individual Defendants, represented by new counsel, filed a motion for post-trial relief seeking dismissal.[2] At argument on the motions, Plaintiff initially agreed that the Individual Defendants should be dismissed. N.T., Oct. 25, 2023, at 75-76. Plaintiff submitted a proposed order dismissing the Individual Defendants without prejudice. The Individual Defendants submitted a proposed order dismissing them with prejudice. Following a second oral

---

[1] Dr. Julie Suyama was a first-year resident on the care team. Prior to trial the parties stipulated that the claims against Dr. Suyama were dismissed with prejudice, that Dr. Suyama was an employee and agent of HUP, and that Hagans did not dismiss any vicarious liability claims against HUP. Stipulation, filed Mar. 29, 2023. Dr. Suyama is not a part of this appeal.

[2] The Individual Defendants also joined in the post-trial motion filed by HUP.

argument, the trial court denied the motion for dismissal. The trial court entered judgment against HUP. The Individual Defendants filed an appeal.[3]

Individual Defendants raise the following issue:

> Did the trial court err in refusing to dismiss all claims against the Individual Defendants, with prejudice, where (1) Plaintiff's counsel admitted, at trial, that Plaintiff could not prove liability against them and insisted that they not appear on the verdict sheet; (2) there is no verdict against the Individual Defendants; (3) Plaintiff's counsel, admitted, post-trial, that the post-trial motion of the Individual Defendants should be granted; and (4) the trial court's order is contrary to all applicable law and has severely prejudiced the Individual Defendants by leaving them in "legal limbo" as there is no verdict against them, but they have no been dismissed from the case, with prejudice?

Individual Defendants' Br. at 4.

The Individual Defendants argue the trial court erred in refusing to dismiss all claims against them with prejudice. They maintain Plaintiff admitted during trial that she could not prove liability against any Individual Defendant and *de facto* abandoned claims against them. They point out the verdict slip did not ask the jury to determine the liability of any Individual Defendant and there is no verdict against them. They further note Plaintiff admitted during post-trial briefings that the verdict did not apply to the Individual Defendants, and initially agreed that the trial court should grant the motion to dismiss. Individual Defendants argue that the decision to deny the

_____

[3] HUP also filed an appeal. We address that appeal in an opinion docketed at No. 536 EDA 2024.

motion to dismiss relegates them to "legal limbo" because there is no verdict against them but they have not been formally dismissed.

Before we address the Individual Defendants' claim, we must determine whether they have standing to appeal. *See Stilp v. Com., General Assembly*, 940 A.2d 1227, 1233 (Pa. 2007) (stating that "[i]n seeking judicial resolution of a controversy, a party must establish as a threshold matter that he has standing to maintain the action"). Under Pennsylvania Rule of Appellate Procedure 501, "any party who is aggrieved by an appealable order . . . may appeal therefrom." Pa.R.A.P. 501. A party is aggrieved "when the party has been adversely affected by the decision from which the appeal is taken." *In re J.G.*, 984 A.2d 541, 546 (Pa.Super. 2009) (*en banc*) (quoting *Ratti v. Wheeling Pittsburgh Steel Corp.*, 758 A.2d 695, 700 (Pa.Super. 2000)).

Here, the verdict slip did not ask the jury to determine the Individual Defendants' liability, and the jury entered no finding against them individually. Furthermore, Plaintiff entered judgment only against HUP, not the Individual Defendants.

The Individual Defendants maintain they were aggrieved because if "this Court finds that the trial court erred in utilizing the verdict sheet prepared by Plaintiff's counsel, and remands the matter for a new trial based upon HUP's appeal, Plaintiff intends to attempt to once again pursue claims against the Individual Defendants." Individual Defendants' Reply Br. at 2 (emphasis removed). It maintains that by not dismissing the claims with prejudice, the court "has left the Individual Defendants in an ambiguous legal position to

their great prejudice – wherein they could be forced to participate in a new trial sometime in the future despite the fact that . . . there was no verdict and no Judgment against them." *Id.* at 2-3.

We conclude the Individual Defendants were not aggrieved by the final judgment entered in this case, and therefore do not have standing to appeal. The Individual Defendants' speculation of what might happen based on this Court's potential actions does not transform the judgment entered against HUP to a final order impacting the Individual Defendants.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/10/2025