J-S09013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRENCE ANDREWS | : | |
| | : | |
| Appellant | : | No. 570 WDA 2018 |

Appeal from the Judgment of Sentence March 26, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0010169-2008

BEFORE: PANELLA, P.J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED AUGUST 29, 2019**

Terrence Andrews appeals from the judgment of sentence entered in the Allegheny Court of Common Pleas. Andrews argues the trial court was required to grant him a new trial when it granted him relief "in the interests of justice." Additionally, his court-appointed counsel seeks permission from this Court to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm and grant counsel's petition to withdraw.

After he was charged with the murder of his neighbor, Andrews proceeded to a jury trial, where he was convicted of first-degree murder and burglary. He was sentenced to life imprisonment without parole for first-degree murder and five to ten years of imprisonment for burglary, to run consecutively.

_____
* Retired Senior Judge assigned to the Superior Court.

After his post sentence motion challenging the weight of evidence supporting his homicide conviction and the court's failure to instruct the jury on a guilty but mentally ill charge was denied, Andrews appealed to this Court. On February 15, 2013, we affirmed the judgment of sentence. The Supreme Court of Pennsylvania subsequently denied a petition for allowance of appeal.

In January of 2014, Andrews filed his first petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Counsel was appointed, who eventually filed an amended PCRA petition in which Andrews argued trial counsel was ineffective for failing to advise him to plead guilty but mentally ill. The petition specifically requested relief in the form of permitting him to plead guilty but mentally ill. After informing Andrews of its intent to dismiss the petition without a hearing, the PCRA court denied the petition, relying on its reasons set forth in its notice of intent to dismiss.

Andrews again appealed to this Court. On April 7, 2017, we vacated the PCRA court's order dismissing the PCRA petition and remanded the case to the PCRA court for further proceedings. **See Commonwealth v. Andrews**, 158 A.3d 1260 (Pa. Super. 2017) (concluding that Andrews was entitled to hearing on his claim that counsel should have advised him to plead guilty but mentally ill).

A PCRA hearing was held in which the court, "in the interest of justice," molded the verdict from guilty to guilty but mentally ill.[1] There was no finding of ineffective assistance of counsel. A new sentence of life imprisonment without parole was imposed, consistent with the provisions of first-degree murder, and under the guidelines of the guilty but mentally ill verdict. The burglary conviction remained untouched, and the sentence of five to ten years' imprisonment was re-imposed. This appeal from the resentencing followed.

We turn first to counsel's petition to withdraw. To withdraw pursuant to **Anders**, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [**Anders**] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). With respect to the third requirement of **Anders**, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their

---

[1] In making this decision, the court considered the entirety of the record made in this matter including the pretrial matters, the trial itself, and the PCRA hearing. The court further considered the opinion filed by our Court in 2017 as well as the exhibits offered by counsel. **See** N.T., Sentencing, 3/26/2018, at 2-3.

rights." ***Commonwealth v. Millisock***, 873 A.2d 748, 752 (Pa. Super. 2005).

> An ***Anders*** brief must comply with the following requirements:
>
> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

"[I]f counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (brackets added, citation omitted).

Andrews's counsel filed a petition to withdraw, certifying he has reviewed the case and determined that Andrews's appeal is frivolous. Counsel attached to his petition a copy of his letter to Andrews, advising that he may retain new counsel, raise additional issues *pro se*, or discontinue his appeal. Counsel also filed a brief, which includes a summary of the history and facts of the case, potential issues that could be raised by Andrews, and counsel's assessment of why those issues are meritless, with citations to relevant legal authority.

Counsel has thus complied with the requirements of ***Anders*** and ***Santiago***. Andrews filed a response in which he raised multiple issues with his trial and initial sentencing. These issues are not cognizable in this direct

appeal. ***See Commonwealth v. McKeever***, 947 A.2d 782, 786 (Pa. Super. 2008).[2] We may proceed to review the issue outlined in the ***Anders*** brief.

Counsel has identified one issue Andrews believes may entitle him to relief. Andrews contends the trial court erred by failing to give relief in the form of a new trial when the trial court found that there was no legal remedy but ruled that he was entitled to an equitable remedy in the form of a new verdict of guilty but mentally ill.

The present appeal is explicitly a direct appeal from the judgment of sentence following resentencing. ***See*** Notice of Appeal, filed 4/25/18. Andrews's issue is more properly classified as a challenge to the relief granted by the PCRA court, not a challenge to the judgment of sentence imposed after resentencing. Therefore, this issue is waived.

Even if this were an appeal from the PCRA order, we would still find that the issue was not properly before us. Our Rules of Appellate Procedure provide:

> Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom.

Pa.R.A.P. 501.

> A party is aggrieved by a ruling when that party has been adversely affected by the decision from which the appeal is taken.

---

[2] The court's decision was solely made "in the interests of justice" and did not include any finding of wrong-doing by counsel. ***See*** N.T., Sentencing, 3/26/2018, at 3.

> A prevailing party is not aggrieved and therefore, does not have standing to appeal an order that has been entered in his or her favor.

***Epstein v. Saul Ewing, LLP***, 7 A.3d 303, 314 (Pa. Super. 2010) (citations omitted). We will dismiss an appeal where the appellant was the prevailing party in the order from which he appeals. ***See In re J.G.***, 984 A.2d 541 (Pa. Super. 2009) (*en banc*).

The record reflects the PCRA court granted Andrews the relief he requested. He was not adversely affected by the PCRA order, which operated to modify his guilty verdict to guilty but mentally ill. This ruling benefited Andrews, as the sole relief he requested in his PCRA petition was to permit him to plead guilty but mentally ill. Thus, Andrews is not entitled to appeal the PCRA court order in any event.

Having reviewed the issue raised in counsel's ***Anders*** brief, and the issues raised by Andrews in his *pro se* response, we agree with counsel for Andrews that the within appeal is wholly frivolous.[3] As such, we affirm the judgment of sentence and grant counsel's motion to withdraw.

Judgment of sentence affirmed. Petition for leave to withdraw granted.

_____

[3] Further, we note that our independent review of the record did not reveal any additional, non-frivolous issues overlooked by counsel.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2019