J-S33031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL AUSTIN, | : | |
| | : | |
| Appellant | : | No.  916 MDA 2016 |

Appeal from the Order Entered May 3, 2016
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000398-2004
CP-22-CR 0003099-2004

BEFORE:  BENDER, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                    **FILED JULY 07, 2017**

Michael Austin (Appellant) appeals *pro se*[1] from the order entered on

May 3, 2016, granting his motion to correct clerical errors.  We dismiss this

appeal as moot.

The motions court set forth the following procedural history.

> [Appellant] was convicted of first-degree murder, burglary, and simple assault on April 20, 2005.  On June 15, 2005, [Appellant] was sentenced to life imprisonment for murder, [10 to 20] years of imprisonment for burglary, and [one to two] years of imprisonment for simple assault.  The burglary and simple assault sentences were ordered to run consecutive to the life sentence.
>
> [Appellant] challenged the sufficiency of the evidence on appeal, and the Superior Court filed a memorandum opinion on May 16, 2006, affirming [Appellant's] judgment of sentence.

---

* Retired Senior Judge assigned to the Superior Court.

[1] Appellant's May 11, 2017 application for appointment of counsel is denied.

> [**See Commonwealth v. Austin**, 903 A.2d 40 (Pa. Super. 2006), **appeal denied**, 907 A.2d 1100 (Pa. 2006).] Years later, on April 4, 2016, [Appellant] filed a "motion to correct clerical errors." [Appellant] claimed [the sentencing court] entered an oral judgment of sentence, not a written one, and asked to be provided with the sentencing order. [The motions court] granted [Appellant's] motion on May 3, 2016, with instructions for the [c]lerk of [c]ourts to transmit to [Appellant] a certified copy of [the court's] sentencing order from June 15, 2005.
>
> On May 31, 2016, [Appellant] filed a "motion to compel disclosure of the court's sentencing order."[2] On the same date, [Appellant] filed a notice of appeal to the Superior Court. Specifically, [Appellant] appealed from "the final judgment entered in this matter on the 3rd day of May, 2016[.]" On June 9, 2016, after the notice of appeal had been filed, [the motions court] filed an order denying [Appellant's] motion to compel.[3]

Motions Court Opinion, 10/13/2016, at 1-2.[4]

Appellant asks us to decide whether Pa.R.Crim.P. 114(a)(2) requires the clerk of courts of Dauphin County Court of Common Pleas to file a written judgment of sentence in the official record for Appellant's criminal case. Appellant's Brief at 4.

---

[2] In his second motion, Appellant alleged that "the [c]lerk of [c]ourts only furnished [Appellant] with [his] guideline sentencing forms, a Department of Corrections 300-B form reflecting [his] sentence from June 15, 2005, and the [sentencing court's] sentencing forms." Motions Court Opinion, 10/13/2016, at 2. Although his motion was not a model of clarity, it appears that Appellant sought a certified copy of his actual sentencing order, or in the alternative, a newly-created-judgment-of-sentence order he believed he needed to file an appeal. Motion to Compel, 5/31/2016, at 1.

[3] The motions court explained that the clerk already had provided Appellant with "[o]fficial sentencing information" from the docket, except the copy of the transcript from the sentencing hearing, which it then forwarded. Order, 6/9/2016, at 1.

[4] Both Appellant and the motions court complied with Pa.R.A.P. 1925.

- 2 -

Initially, we note that Appellant's notice of appeal references only the May 3, 2016 order granting his motion to correct clerical errors. In this motion, the relief requested by Appellant was for the motions court to "issue an order upon the clerks['] office directing it to provide [Appellant] with a certified copy of [his s]entencing [o]rder."[5] Motion to Correct Clerical Errors, 4/4/2016, at 1. The motions court granted the precise relief sought by Appellant. **See** Order, 5/3/2016, at 1 ("[T]his court grants Appellant's *pro se* motion and hereby directs the clerk of courts to transmit to defendant a certified copy of the court's sentencing order of this docket on or about June 15, 2005.") (capitalization altered). On appeal, Appellant requests that we order the motions court to produce a certified copy of the sentencing order. Appellant's Brief at 14. Because the motions court already granted Appellant's request for a certified copy of the sentencing order, his appeal of

---

[5] The Commonwealth argues that Appellant's motion constituted an untimely-filed petition under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. In the motion, Appellant simply requested a certified copy of his sentencing order. PCRA review is limited to defendants who claim that they are wrongfully convicted and/or are serving an illegal sentence. **See Commonwealth v. Burkkett**, 5 A.3d 1260, 1275 (Pa. Super. 2010). Appellant's motion did not seek substantive relief regarding his conviction or sentence, and, therefore, it is not a petition under the PCRA. Although Appellant argues in his brief that he is being detained illegally because there is no evidence of a written judgment of sentence, he did not make this claim in his motion to correct clerical errors. If he had, his motion would have constituted a petition for *habeas corpus*, not a PCRA petition. **See Joseph v. Glunt**, 96 A.3d 365 (Pa. Super. 2014).

the May 3, 2016 order is moot.[6,7,8]  *See Printed Image of York, Inc. v.*

*Mifflin Press, Ltd.*, 133 A.3d 55, 59 (Pa. Super. 2016) ("An issue before a

---

[6] We also note that, because the motions court decided the motion in Appellant's favor, Appellant is not an aggrieved party within the meaning of Pa.R.A.P. 501.  *See In re J.G.*, 984 A.2d 541, 546 (Pa. Super. 2009) ("A prevailing party is not 'aggrieved' and therefore, does not have standing to appeal an order that has been entered in his or her favor.").  Although the Commonwealth mentions in its brief that Appellant was a prevailing party, it did not argue specifically that Appellant lacked standing.  Since standing is not jurisdictional, we cannot raise an issue of standing *sua sponte*.  *Commonwealth v. Allen*, 107 A.3d 709, 711 (Pa. 2014).

[7] In addition to seeking an order compelling production of a certified copy of his sentencing order, Appellant also requests that this Court "arrest judgment" and direct the trial court to schedule a sentencing hearing.  Appellant's Brief at 10.  This request is related to his averment on appeal that he is serving an illegal sentence imposed without a written sentencing order.  Appellant's Brief at 11.  However, Appellant did not present this argument to the motions court, and, therefore, it is waived.  Even if it were not waived, this argument would have no merit based upon other documents in the record reflecting Appellant's sentence.  *See Joseph*, 96 A.3d at 372 (holding that the prisoner was not being detained illegally despite the absence of a sentencing order because the criminal docket and transcript of the sentencing hearing confirmed his sentence).

[8] Although Appellant did not file a notice of appeal from the June 9, 2016 order denying his motion to compel, it is clear from Appellant's concise statement and brief that the June 9, 2016 order is the order with which Appellant actually takes issue.  *See*, *e.g.*, Appellant's Brief at 5 (listing the text of the June 9, 2016 order as the order in question); *id*. at 6 ("The present appeal follows denial of Appellant's motion to compel disclosure of the court's sentencing order….") (capitalization altered); *id*. at 10 (arguing that the motions court "has no legal standing to allow" the clerk to "refuse to adhere" to Pa.R.Crim.P. 114, which, according to Appellant, requires the clerk to draft and file a written judgment of sentence after the court signs it).

However, not only did Appellant fail to appeal the June 9, 2016 order, on the same day that he filed the motion to compel, and before the motions court ruled on the motion, he filed the instant notice of appeal, which divested the motions court of jurisdiction regarding Appellant's request for a

court is moot 'when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.'") (citation omitted).

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2017

---

certified copy of his written judgment of sentence.  **See** Pa.R.A.P. 1701(a) (prohibiting the trial court from proceeding "further in the matter" after an appeal is taken, except as otherwise prescribed).  Because these exceptions do not apply here, the motions court lacked jurisdiction to enter the June 9, 2016 order denying Appellant's motion to compel, and the order is a nullity. **See Bell v. Kater**, 839 A.2d 356, 358 (Pa. Super. 2003) (holding that an order entered by trial court regarding the same matter after the matter was appealed was a legal nullity).