J-S64041-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                               :            PENNSYLVANIA
                               :
         v.                    :
                               :
                               :
                               :
CHRISTOPHER MICHAEL RODLAND    :
                               :
         Appellant             :   No. 1187 WDA 2019

Appeal from the Order Entered June 19, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000890-1999

BEFORE:   BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                   FILED MARCH 09, 2020

Christopher Michael Rodland appeals the order of the Blair County Court of Common Pleas (trial court) dismissing his application for bail pending appeal. Because the trial court correctly determined that it had no jurisdiction to consider the bail application, the order is affirmed.

I.

In 1999, Rodland was charged with over 30 arson-related offenses. By 2001, following two separate trials, Rodland had either pled or been found guilty by a jury as to most of the charges and was sentenced to an aggregate term of between 25 and 76 years in prison as well as required to make restitution. Because Rodland's counsel failed to file appellate briefs, his

_____

[*] Retired Senior Judge assigned to the Superior Court.

appeals were dismissed, but at the post-conviction stage, Rodland's direct appeal rights were reinstated, nunc pro tunc, as to his two trials and his plea. Those direct appeal proceedings concluded on June 15, 2010. See Commonwealth v. Rodland, 4 A.3d 687 (Pa. Super. 2010) (unpublished memorandum), appeal denied, 13 A.3d 477 (Pa. 2010).

Due to ineffective assistance of counsel, Rodland then again sought post-conviction relief and his direct appeal rights were once more reinstated, nunc pro tunc. He filed his notice of appeal in July 2017 as to his two direct appeals regarding all his judgments of sentence, as well as the denial of PCRA relief. This Court consolidated those cases into one appeal.[1]

On July 2, 2019, this Court affirmed the denial of PCRA relief but vacated the judgments of sentence entered at "CR 890, 894, 907, 910, and 1014 of 1999," ordering that Rodland must be resentenced as to his convictions at all docket numbers. See Commonwealth v. Rodland, Nos. 1087 WDA 2017, 1088 WDA 2017, and 1089 WDA 2017 (Pa. Super. July 2, 2019) (unpublished

_____

[1] The caption of the 2017 direct appeal at 1087 WDA 2017 enumerates the following Blair County docket numbers: CP-07-CR-0000890-1999, CP-07-CR-0000891-1999, CP-07-CR-0000892-1999, CP-07-CR-0000893-1999, CP-07-CR-0000894-1999, CP-07-CR-0000895-1999, CP-07-CR-0000896-1999, CP-07-CR-0000897-1999, CP-07-CR-0000898-1999, CP-07-CR-0000899-1999, CP-07-CR-0000900-1999, CP-07-CR-0000903-1999, CP-07-CR-0000904-1999, CP-07-CR-0000905-1999, CP-07-CR-0000907-1999, CP-07-CR-0000908-1999, CP-07-CR-0000909-1999, CP-07-CR-0000910-1999, CP-07-CR-0000911-1999, CP-07-CR-0000912-1999, CP-07-CR-0000913-1999, CP-07-CR-0001014-2000, CP-07-CR-0001107-1999, CP-07-CR-0001108-1999, and CP-07-CR-0001112-19.

memorandum). The convictions as to all other charges were affirmed. Id. The Commonwealth then petitioned the Pennsylvania Supreme Court on October 8, 2019, to grant allocator as to this Court's July 2, 2019 decision and the petition is still pending.

During the pendency of the above appeal, on June 1, 2018, Rodland filed an application for bail to the trial court, and on June 19, 2019, the trial court dismissed the application for lack of jurisdiction. See Trial Court Order, 6/19/2019. Rodland timely filed his notice of appeal.[2] Both Roland and the trial court complied with Pa.R.A.P. 1925.

## II.

There is one issue on appeal - whether the trial court erred as a matter of law in declining to exercise discretion as of the date it denied Rodland's application for bail.[3]

_____

[2] Due to the consolidation of all Rodland's cases at Blair County docket number CP-07-CR-0000890-1999 (case 890), the trial court in this case listed only that number in the caption of the order on review, and Rodland's notice of appeal in the present proceedings likewise included only that docket number. Rodland's appeal as to the trial court's ruling on bail comports with Pa.R.A.P. 341 and the rule's Official Note because the notice encompasses all of the Blair County docket numbers consolidated at case 890.

[3] "An order relating to bail shall be subject to review pursuant to Chapter 15" of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 1762(b)(2). A notice of appeal seeking review of such an order will be treated as a "petition for review" which allows this Court to exercise appellate jurisdiction. See Commonwealth v. Parsons, 166 A.3d 1242, 1245 (Pa. Super. 2017). The standard of review is de novo in this case because the trial court's finding that

Rodland filed his reinstated direct appeals, nunc pro tunc, in July 2017. By June 1, 2018, when Rodland applied for bail, and up to June 19, 2019, when the trial court denied it, the appellate court had divested the trial court of authority to grant the relief Rodland sought.

Rule 1701(a) provides that "once a party has properly appealed a decision of the trial court, the trial court lacks jurisdiction to act further on the case." Pa.R.A.P. 1701(a). As a result, a trial court has no authority over its sentencing orders after a defendant perfects an appeal:

> Trial courts have the power to alter or modify a criminal sentence within thirty days after entry, if no appeal is taken. 42 Pa.C.S. § 5505. Generally, once the thirty-day period is over, the trial court loses the power to alter its orders. Also, when an appeal is taken, the trial court has no jurisdiction to modify its sentence. Pa.R.A.P. 1701(a).

Commonwealth v. Quinlan, 639 A.2d 1235, 1238 (Pa. Super. 1994) (case citations omitted); Commonwealth v. Melvin, 103 A.3d 1, 57 (Pa. Super. 2014) (same); Commonwealth v. Walters, 814 A.2d 253, 255 (Pa. Super. 2002).

This Court has specifically interpreted the above procedural rules in holding that during the pendency of a perfected appeal, a trial court cannot grant or modify a defendant's bail. See Commonwealth v. Bishop, 829 A.2d 1170, 1172 (Pa. Super. 2003) (holding that trial court lacked jurisdiction

_____

it lacked jurisdiction to order bail is an issue that requires us "to interpret a statue and a rule of criminal procedure[.]" Id.

to hold a bail hearing and consider application for bail while appeal was still pending); see also Bell v. Kater, 839 A.2d 356, 358 (Pa. Super. 2003), appeal denied, 858 A.2d 108 (Pa. 2004) (grant of appeal nunc pro tunc was a nullity because trial court entered the order at a time when it lacked jurisdiction after appellant had commenced an appeal and before the record was remanded back to the trial court pursuant to Pa.R.A.P. 2591(a)).

Accordingly, the trial court correctly determined on June 19, 2019, that it lacked jurisdiction to entertain Rodland's application for bail. See Bishop, 829 A.2d at 1172 ("Until our Supreme Court denied the Commonwealth's petition for allowance of appeal or affirmed this Court's decision and remanded the record, the trial court lacked jurisdiction to convene a bail hearing to consider the merits of [the] petition."). Having resolved this appeal on jurisdictional grounds, it is unnecessary for this Court to consider the remaining issues raised in the parties' briefs.[4]

Order affirmed.

_____

[4] We note that the premise of Rodland's argument for entitlement to bail is that in 1999, he received pre-trial standing bond in the unsecured amount of $3,000, and that under Pa.R.Crim.P. 534, this bond remained in effect throughout his reinstated appeal because the trial court never revoked it. See Appellant's Brief, at 11-12. However, the record shows that on December 15, 1999, the trial court only granted a petition "for release on nominal bail under Rule 1100 [now Rule 600(D)] for violation of the 180-day rule[.]" The pre-trial bail granted in 1999 was revoked upon Rodland's convictions and sentencing, as is clearly evidenced by the past 19 years of his incarceration.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2020