J-S11013-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TROY ALLEN BREAKIRON | : | |
| | : | |
| Appellant | : | No. 555 WDA 2019 |

Appeal from the Judgment of Sentence Entered March 14, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0002177-2018

BEFORE:  NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                    FILED AUGUST 12, 2020

Appellant Troy Allen Breakiron appeals from the judgment of sentence imposed after a jury convicted him of possession of a firearm and fleeing or attempting to elude a police officer.[1]  Appellant challenges the sufficiency of the evidence supporting his convictions.  For the reasons that follow, we vacate this Court's June 12, 2020 order and quash the appeal.

On March 4, 2019, a jury found Appellant guilty of possession of a firearm by a prohibited person, carrying a firearm without a license, and fleeing or attempting to elude a police officer.  On March 7, 2019, the trial court sentenced Appellant to six to twelve years' incarceration, concurrent to any other sentence Appellant was already serving.  Appellant did not file a post-sentence motion.

_____

[1]  18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), and 75 Pa.C.S. § 3733(a), respectively.

On April 15, 2019, thirty-nine days after the imposition of the sentence, Appellant filed a counseled notice of appeal, which incorrectly gave the date of sentence as March 14, 2019. On April 16, 2019, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement.

Appellant's counsel filed a petition to appeal nunc pro tunc on April 24, 2019. That same day, the trial court entered the following order: "And now, this 24th day of April, 2019, upon consideration of the foregoing motion, it is hereby ordered and directed that petition for appeal nunc pro tunc is granted." Order, 4/24/19 (some formatting altered). Appellant did not file another notice of appeal.

Appellant timely filed a Rule 1925(b) statement. The trial court filed a responsive Rule 1925(a) opinion on September 12, 2019.

On June 11, 2019, this Court ordered Appellant to show cause why this appeal should not be quashed as untimely. On June 21, 2019, Appellant filed a response, stating:

> The Public Defender's office experienced a change in staff around the time of Appellant's conviction and sentence, and due to a miscommunication, the notice of appeal was not filed within the thirty (30) day period. However, our office made a timely motion to the trial court to proceed nunc pro tunc, which was granted on April 24, 2019 (the order of the Honorable John F. Wagner, Jr. is enclosed).

Resp. to Rule to Show Cause, 6/21/19 (some formatting altered). This Court discharged the rule to show cause on July 1, 2019, and advised the parties that the issue may be revisited by this panel. Order, 7/1/19.

Appellant raises a single issue for review:

Whether the evidence presented at trial was legally and factually sufficient to prove that the Appellant committed the crimes charged; specifically whether the evidence demonstrated that the Appellant was the individual operating the vehicle in question; fled from the vehicle on foot; and possessed the firearm in question.

Appellant's Brief at 4.

Initially, we must address our jurisdiction to hear this appeal. See Commonwealth v. Burks, 102 A.3d 497, 500 (Pa. Super. 2014) (noting that "[t]his Court can raise the matter sua sponte, as the issue is one of jurisdiction to entertain the appeal" (citation omitted)).

"In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court." Pa.R.A.P. 903(c)(3). Pa.R.A.P. 1701(a) states that "[e]xcept as otherwise prescribed by these rules, after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter." Pa.R.A.P. 1701(a); see also Pa.R.A.P. 1701(b) (providing exceptions to the general rule at subsection (a)).

This Court has held that "Rule 1701 provides no exceptions that would have permitted the trial court to enter a valid order granting leave to appeal nunc pro tunc" after a defendant files an untimely notice of appeal. Bell v. Kater, 839 A.2d 356, 358 (Pa. Super. 2003). In Bell, the defendant filed an untimely notice of appeal. Id. at 357. The following day, the defendant filed a petition with the trial court requesting reinstatement of her direct appeal

rights nunc pro tunc. Id. The trial court granted the defendant's petition. Id. On appeal, the Bell Court held that the trial court's order granting leave for the defendant to file an appeal nunc pro tunc did not fall under any of the enumerated exceptions to Rule 1701. Id. at 358. Therefore, because the trial court did not have jurisdiction to enter an order granting nunc pro tunc relief, the order was void. Id. (citation omitted).

Here, Appellant filed an untimely notice of appeal on April 15, 2019. On April 24, 2019, while Appellant's appeal was still pending, Appellant filed a petition to appeal nunc pro tunc, which the trial court granted that same day. The trial court's April 24, 2019 order granting the petition to appeal nunc pro tunc, however, was a legal nullity under Pa.R.A.P. 1701(a). See Bell, 839 A.2d at 358. Therefore, Appellant's appeal, filed more than thirty days after the imposition of sentence in open court, is untimely and must be quashed.[2] See id. at 356, 359; see also Pa.R.A.P. 903(c)(3).

Appeal quashed. This Court's June 12, 2020 order vacated.[3]

_____

[2] We quash without prejudice to Appellant's right to seek relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.

[3] We previously ordered the trial court to direct the parties to supplement the certified record with trial exhibits. Order, 6/12/20. In light of our disposition, we vacate our order. We remind the parties, however, of their obligations under Pa.R.A.P. 1921. See generally Pa.R.A.P. 1921 cmt. (stating that the "[u]ltimate responsibility for a complete record rests with the party raising an issue that requires appellate court access to record materials").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/12/2020</u>