J-A06011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARNELL J. TINSON | : | |
| | : | |
| Appellant | : | No. 446 WDA 2023 |

Appeal from the PCRA Order Entered March 1, 2023
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003363-2016

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

MEMORANDUM BY LAZARUS, P.J.:                         **FILED: May 10, 2024**

Carnell J. Tinson appeals, *pro se*, from the order, entered in the Court of Common Pleas of Erie County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After review, we determine the instant appeal is premature and, thus, we quash.

In August of 2017,[1] a jury convicted Tinson of various drug-related charges[2] and possession of firearms prohibited.[3]  The following month, the court sentenced Tinson to an aggregate term of 15½ to 31 years' incarceration.  This Court affirmed Tinson's judgment of sentence on direct appeal, and our Supreme Court denied his petition for allowance of appeal. *See Commonwealth v. Tinson*, 198 A.3d 459 (Pa. Super. 2018) (Table), *appeal denied*, 207 A.3d 907 (Pa. 2019).  Tinson did not seek certiorari to the United States Supreme Court and his judgment of sentence became final for purposes of the PCRA on July 29, 2019.[4]

Tinson filed his first PCRA petition on July 14, 2019.  After issuing a notice of intent to dismiss under Pa.R.Crim.P 907 on December 14, 2020, and with no response from Tinson, the PCRA court dismissed the PCRA petition on January 8, 2021.  Tinson timely appealed and our Court found that, while the

---

[1] In our prior memorandum decision issued January 11, 2022, we mistakenly stated that Tinson was convicted in April of 2017.  The fact that Tinson was actually convicted in August of 2017 has no bearing on his prior PCRA appeal. *See Commonwealth v. Tinson*, 194 WDA 2021 (Pa. Super. filed Jan. 11, 2022) (unpublished memorandum decision).

[2] These charges included possession with intent to deliver, conspiracy, simple possession, and paraphernalia.  35 Pa.C.S.A. § 780-113(a)(30); *id.* at § 903; *id.* at § 780-113(a)(16); *id.* at § 780-113(a)(32), respectively.

[3] 18 Pa.C.S.A. § 6105(a)(1).

[4] Tinson's judgment of sentence became final at the expiration of the 90-day period for seeking review with the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *see also* Sup.Ct.R. 13 (90 days to seek review with the United States Supreme Court).

PCRA court attempted to comply with Rule 907, Tinson never received a copy of the notice of intent to dismiss. As such, this Court vacated the order dismissing Tinson's PCRA petition and remanded the case to "ensure compliance with Rule 907 and afford Tinson the opportunity to respond to the PCRA court's stated reasons for dismissing his petition." **Tinson**, 194 WDA 2021, at *4. On January 12, 2022, the day after this Court issued its memorandum opinion, the PCRA court reissued its notice of intent to dismiss Tinson's PCRA petition. After no response by Tinson, the court dismissed Tinson's PCRA petition on February 7, 2022. On February 23, 2022, this Court remanded and remitted the record pursuant to Pennsylvania Rules of Appellate Procedure 2571 and 2572.

On January 17, 2023, Tinson, acting *pro se*, filed the instant amended motion for PCRA relief, contending that the confidential informants who testified at his trial had *crimen falsi* convictions which were omitted from the search warrant affidavit, that facts needed to justify his mandatory minimum sentence were not found by a jury beyond a reasonable doubt, that the PCRA court improperly denied his request to prepare notes of testimony from the trial, and alleged ineffective assistance by counsel during the suppression hearing. **See** PCRA Petition, 1/17/23, at 4. On February 7, 2023, the PCRA court filed a Rule 907 notice of intent to dismiss the petition without a hearing, finding that Tinson's PCRA petition was untimely and that, even if it was not time barred, the claims were previously litigated or waived. **See** Rule 907 Notice, 2/7/23, at 1. Tinson filed a response on February 24, 2023, arguing

that his petition should not be dismissed because, he alleges, *inter alia*, it was timely filed. **See** Response, 2/24/23, at 1-2 (unpaginated). The PCRA court finally denied Tinson's PCRA petition on March 1, 2023. **See** Order, 3/1/23.

Tinson filed a timely notice of appeal on March 30, 2023, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[5] After reviewing the record, and before considering the merits of Tinson's current appeal, we conclude that the PCRA court's January 12, 2022 Rule 907 notice and February 7, 2022 dismissal of Tinson's first PCRA petition were improper pursuant to Pa.R.A.P. 1701 and 2591, therefore the instant appeal is premature. Accordingly, we quash.

Once Tinson filed his first notice of appeal in 2021 with this Court, the PCRA court was divested of jurisdiction to take further action pursuant to Pa.R.A.P. 1701.[6] There are, however, exceptions to Rule 1701 that allow a

---

[5] "On May 1, 2023, [Tinson] requested an extension of time to file the [Rule] 1925(b) statement. On May 2, 2023, the court granted [Tinson] an extension of time of ten (10) days from the date of the May 2nd order to file the concise statement. Thus, the [Rule] 1925(b) statement was due for filing on or before May 12, 2023." **See** Trial Court Opinion, 5/26/23, at 2 (unnecessary capitalization omitted). The court stated that Tinson's Rule 1925(b) statement was postmarked May 11, 2023, and received by the clerk of courts on May 15, 2023. **Id.** Pursuant to the prisoner mailbox rule, a *pro se* document is deemed filed on the date it was delivered to prison authorities or placed in the prison mailbox. **See Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011). Because Tinson's envelope is clearly postmarked on May 11, 2023, his Rule 1925(b) statement is considered timely.

[6] Rule 1701 states: "Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter." Pa.R.A.P. 1701(a).

court to "take action to preserve the status quo, correct formal errors in the record, order the record to be transcribed and transmitted, grant leave to proceed *in forma pauperis*, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding." **Bell v. Kater**, 839 A.2d 356, 358 (Pa. Super. 2003) (quotation marks and citation omitted). Moreover, Rule 2572 states that a record shall be remanded to the trial court at the expiration of thirty days after the entry of judgment or other final order of the appellate court to allow for disposition of "(1) an application for reargument; (2) any other application affecting the order; or (3) a petition for allowance of appeal from the order." Pa.R.A.P. 2572(a)(2) & (b). Finally, Rule 2591 dictates that only "**[o]n remand of the record[,] the court . . . below shall proceed in accordance with the judgment or other order of the appellate court** and . . . Rule 1701(a) [] shall no longer be applicable to the matter." Pa.R.A.P. 2591(a) (emphasis added).

Here, the PCRA court failed to wait until the record was remitted from this Court following our remand and, instead, acted the day after this Court issued its memorandum opinion in Tinson's first appeal. **See** Rule 907 Notice, 1/12/22. In fact, the PCRA court dismissed Tinson's first PCRA petition two weeks **before** the record was remitted and several days before the time for other applications or petitions relating to this Court's January 11, 2022 memorandum opinion expired. Because the record had not yet been remanded at the time the PCRA court entered its order denying Tinson's first

PCRA petition, the court did not have jurisdiction to enter such an order and, therefore, the January 11, 2022 Rule 907 notice and February 7, 2022 order are legal nullities. **See Bell**, 839 A.2d at 358 (determining trial court lacked jurisdiction to grant appeal *nunc pro tunc* before record had been remanded); **Commonwealth v. Bishop**, 829 A.2d 1170, 1172 (Pa. Super. 2003) (concluding trial court lacked jurisdiction to convene bail hearing and consider the merits of petition seeking bail where record had not been remanded from appellate court).

As we have determined that the PCRA court's order denying Tinson's first PCRA petition is null and void, all subsequent orders addressing Tinson's purported amended PCRA petition are legal nullities, and the disposition of the first PCRA petition is still before the PCRA court. Accordingly, we do not have jurisdiction to consider the appeal of the March 1, 2023 order dismissing Tinson's amended PCRA petition. **See Commonwealth v. Garcia**, 43 A.3d 470, 477-78 (Pa. 2012). Therefore, Tinson's current appeal is premature, and we quash.

Appeal quashed.[7] Jurisdiction relinquished.

---

[7] We remind the PCRA court to wait until remand and remittal of the record before again addressing Tinson's first PCRA petition and that this Court previously emphasized the importance of compliance with Rule 907, to afford Tinson the opportunity to respond to the PCRA court's stated reasons for dismissal.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/10/2024