J-S39041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| REGGINAL DUANE WELCH, III | : | |
| | : | |
| Appellant | : | No. 350 WDA 2024 |

Appeal from the Judgment of Sentence Entered December 2, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001640-2021

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED: May 22, 2025**

Appellant Regginal Duane Welch, III, appeals from the judgment of sentence imposed following his convictions for first-degree murder and related offenses. Appellant challenges the sufficiency of the evidence. For the reasons set forth below, we vacate the trial court's March 5, 2024 order and quash the appeal.

Briefly, on September 16, 2022, a jury found Appellant guilty of first-degree murder, second-degree murder, two counts of aggravated assault, simple assault, two counts of recklessly endangering another person, firearms not to be carried without license, robbery, flight to avoid apprehension, and possession of instruments of crime.[1] On December 2, 2022, the trial court

_____

[1] 18 Pa.C.S. §§ 2502(a), 2502(b), 2702(a)(1), 2702(a)(4), 2701(a)(2), 2705, 6106(a)(1), 3701(a)(1)(i), 5126(a), and 907, respectively.

sentenced Appellant to an aggregate term of life without parole for these convictions. Appellant did not file any post-sentence motions.

Appellant filed a timely notice of appeal on December 29, 2022, which was docketed with this Court at 20 WDA 2023. After Appellant failed to file an appellate brief, this Court dismissed the appeal on February 21, 2024.[2] On March 4, 2024, Appellant filed a motion to reinstate his post-sentence and appellate rights *nunc pro tunc* with the trial court. The next day, the trial court entered an order providing, in relevant part: "And now, this 5th day of March, 2024, it is hereby ORDERED ADJUDGED AND DECREED the Motion is granted, the Defendant's right to file a post-sentence motion and/or notice of appeal is reinstated." **See** Trial Ct. Order, 3/5/24. This Court did not remand the record for Appellant's direct appeal at 20 WDA 2023 until April 2, 2024.

Pursuant to the trial court's order reinstating his direct appeal rights *nunc pro tunc*, Appellant filed a notice of appeal on March 22, 2024 and both Appellant and the trial court timely complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue:

> Whether the Commonwealth failed to present sufficient evidence to convict . . . Appellant beyond a reasonable doubt of murder of the first degree, murder of the second degree, aggravated assault, simple assault, recklessly endangering another person, robbery, and possession of an instrument of crime.

Appellant's Brief at 3 (some formatting altered).

---

[2] **See Commonwealth v. Welch**, 20 WDA 2023 (Pa. Super. filed Feb. 21, 2024) (*per curiam*).

Initially, we must address whether we have jurisdiction. *See Commonwealth v. Burks*, 102 A.3d 497, 500 (Pa. Super. 2014) (noting that "[t]his Court can raise the matter *sua sponte*, as the issue is one of jurisdiction to entertain the appeal" (citation omitted)). "In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court." Pa.R.A.P. 903(c)(3).

This Court has stated that "regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a [Post Conviction Relief Act[3] (PCRA)] petition if it requests relief contemplated by the PCRA." *Commonwealth v. Fantauzzi*, 275 A.3d 986, 995 (Pa. Super. 2022) (citation omitted). The PCRA governs all claims, however styled or titled, alleging that the movant or petitioner was "convicted of crimes they did not commit" and provides that a PCRA petition "shall be the sole means of obtaining collateral relief." 42 Pa.C.S. § 9542. Our Supreme Court has explained that a request for collateral relief that must be brought under the PCRA includes a "request for a direct appeal *nunc pro tunc*[.]" *Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001).

Generally, a petition seeking relief pursuant to the PCRA must be filed "within one year of the date the judgment becomes final" and "a judgment becomes final at the conclusion of direct review, including discretionary review

---

[3] 42 Pa.C.S. §§ 9541-9546.

. . . or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(1), (3). That is, where a petitioner has pursued a direct appeal the one-year window of time for seeking PCRA relief commences thirty days after the conclusion of direct review. *See Commonwealth v. Turner*, 73 A.3d 1283, 1285-86, 1286 n.4 (Pa. Super. 2013) (citing 42 Pa.C.S. § 9545(b)(3)). "If a petition is filed while a direct appeal is pending, the PCRA court should dismiss it without prejudice towards the petitioner's right to file a petition once his direct appeal rights have been exhausted." *Commonwealth v. Williams*, 215 A.3d 1019, 1023 (Pa. Super. 2019) (citation omitted).

Additionally, with respect to a trial court's jurisdiction, Pa.R.A.P. 1701(a) states that "[e]xcept as otherwise prescribed by these rules, after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter." Pa.R.A.P. 1701(a); *see also* Pa.R.A.P. 1701(b) (providing exceptions to the general rule at subsection (a)). "[U]nder Appellate Rules 1701 and 2572, a trial court has no jurisdiction over a case until an appellate court returns the record to it with instructions for the trial court to proceed. Otherwise . . . , the trial court risks following an appellate decision that may not ultimately be the final law of the case." *Commonwealth v. Harris*, 230 A.3d 1124, 1127 (Pa. Super. 2020).[4] "The court possessed of the record **shall remand 30**

_____

[4] Between the issuance of a dispositional order by this Court and the return or remand of the record to the trial court, any party to the appeal may apply for reargument or any other application in response to our order, or petition our Supreme Court for allowance of appeal from our order. *See* Pa.R.A.P. 2572(b).

- 4 -

**days after** either the entry of a final order or the disposition of all post-decision applications, whichever is later." *Id.* (emphasis added). This Court has held that "Rule 1701 provides no exceptions that would have permitted the trial court to enter a valid order granting leave to appeal *nunc pro tunc*" after a party "filed her first notice of appeal with this Court and **before** the record was remanded to the trial court pursuant to Pa.R.A.P. 2591(a)." **Bell v. Kater**, 839 A.2d 356, 358 (Pa. Super. 2003) (emphasis in original). When "the record ha[s] not yet been remanded . . . [a] trial court d[oes] not have jurisdiction to enter such order and, therefore, such order is void[]" or, in other words, "is a nullity." *Id.* (citation omitted).

Here, this Court dismissed Appellant's direct appeal at 20 WDA 2023 on February 21, 2024, but did not remand the record to the trial court until April 2, 2024, after the thirty-day period in which Appellant could request reconsideration by this Court or file a petition for allowance of appeal with our Supreme Court. **See** Pa.R.A.P. 1113 (setting time limit for petitioning for allowance of appeal), 2542 (setting time limit for applying for reargument), and 2572(b) (effect of pending post-decision applications on remand of record).

As we have noted, Appellant filed his motion to reinstate post-sentence and appellate rights *nunc pro tunc* with the trial court on March 4, 2024. While Appellant does not cite to the PCRA in this motion, the PCRA governs all motions and petitions, however styled or titled, where the movant or petitioner seeks to "obtain collateral relief" from a criminal conviction. **See**

42 Pa.C.S. § 9542; *see also Fantauzzi*, 275 A.3d at 995. Therefore, we are constrained to treat Appellant's motion as a PCRA petition that must be filed "within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1).

Further, because Appellant had filed a direct appeal, we determine that Appellant's judgment of sentence became final "at the expiration of time for seeking" any further review of that direct appeal, which occurred on March 22, 2024, thirty days after this Court dismissed Appellant's direct appeal at 20 WDA 2023, when the time for filing a petition for allowance of appeal with our Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3); *Turner*, 73 A.3d at 1285-86; *Welch*, 20 WDA 2023. Accordingly, Appellant's PCRA petition of March 4, 2024 was prematurely filed, as the period in which he could seek collateral review under the PCRA had not yet commenced because his judgment of sentence did not become final until the direct appeal at 20 WDA 2023 concluded. *See Williams*, 215 A.3d at 1023; *Turner*, 73 A.3d at 1285-86.

Turning now to consider the trial court's issuance of an order reinstating Appellant's direct appeal rights *nunc pro tunc* on March 5, 2024, we find that the trial court lacked jurisdiction to entertain Appellant's petition seeking collateral relief only available under the PCRA because Appellant's petition was filed prematurely. We also conclude that the trial court had not yet been revested with jurisdiction over this matter on March 5, 2024 because, as of that date, this Court had not yet remanded the record to the trial court. The

record was remanded after the dismissal of Appellant's prior direct appeal. *See* Pa.R.A.P. 1701(a); *Harris*, 230 A.3d at 1127. Due to the trial court's lack of jurisdiction to issue such an order, we are constrained to conclude that its March 5, 2024 order reinstating Appellant's direct appeal rights *nunc pro tunc* is void and a nullity. *See* Pa.R.A.P. 1701(a), 2572; *Bell*, 839 A.2d at 358; *Williams*, 215 A.3d at 1023.

For these reasons, the instant appeal, filed more than thirty days after the imposition of sentence in open court, is untimely and must be quashed.[5] *See* Pa.R.A.P. 903(c)(3).

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 5/22/2025

---

[5] We quash without prejudice to Appellant's right to seek relief under the PCRA.

- 7 -