J-S34021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AIVEN ROSARIO | : | |
| | : | |
| Appellant | : | No. 61 MDA 2025 |

Appeal from the Judgment of Sentence Entered October 6, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002493-2021

BEFORE:  STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY SULLIVAN, J.:　　　　　**FILED: DECEMBER 1, 2025**

Aiven Rosario ("Rosario") seeks to appeal *nunc pro tunc* from the judgment of sentence imposed following his convictions of two counts of aggravated assault,[1] and one count each of simple assault and criminal mischief.  Because the trial court did not have jurisdiction when it granted Rosario a direct appeal *nunc pro tunc*, we vacate the court's order and quash this appeal.

The relevant factual and procedural history is as follows.  In July 2023, a jury convicted Rosario of the above-listed offenses; the trial court later imposed an aggregate sentence of fifty-four to one hundred and eight months of incarceration to be followed by two years of probation.  Rosario filed a motion for post-sentence relief, and after the court denied that motion, a

---

[1] **See** 18 Pa.C.S.A. §§ 2702(a)(1), 2702(a)(4), 2701(a)(1), 3304(a)(5).

motion for reconsideration, which the court also denied. Rosario filed a direct appeal which this Court quashed as untimely filed on March 1, 2024.

In July 2024, Rosario filed a Post Conviction Relief Act ("PCRA")[2] petition seeking reinstatement of his direct appeal rights.[3] On August 6, 2024, the trial court granted Rosario's unopposed petition and permitted him to proceed with his direct appeal *nunc pro tunc*. Rosario did not file a timely notice of appeal but upon his petition, the trial court granted his motion to reinstate appeal rights *nunc pro tunc*. **See** Order, 9/30/24. Rosario filed a notice of appeal on October 7, 2024. On December 26, 2024, this Court issued an order dismissing that appeal because Rosario failed to file a docketing statement.

Before this Court remitted the record to the trial court, Rosario's counsel filed a notice of appeal on January 10, 2025.[4] On January 13, 2025, the trial court issued an order purporting to grant Rosario's unopposed motion to proceed with his direct appeal *nunc pro tunc*, and ordering him to file his notice of appeal immediately upon receipt of the court's order (the "Janaury 13, 2025 order"). Three days later, before counsel undertook any action, the trial court directed him to file a Rule 1925 statement of matters complained of on appeal.

---

[2] **See** 42 Pa.C.S.A. §§ 9541-9546.

[3] This document is not contained in the certified record.

[4] Although the trial court refers to a petition for leave to file an appeal, it is not of record.

- 2 -

On January 24, 2025, Rosario filed a statement of matters complained of on appeal.

On February 3, 2025, this Court remitted the record to the trial court which acknowledged receipt on February 6, 2025. Thereafter, the trial court issued its opinion and the parties submitted briefs to this Court.

Before we may consider the merits of Rosario's appeal, we must first address the basis for our jurisdiction. **See Commonwealth v. Gentry**, 101 A.3d 813, 816 (Pa. Super. 2014) (stating this Court may raise jurisdictional issues *sua sponte*).

Pursuant to Pennsylvania Rules of Appellate Procedure 1701 and 2572, a trial court does not have jurisdiction over a case until an appellate court has returned the record to it with instructions to proceed. **See Commonwealth v. Harris**, 230 A.3d 1124, 1127 (Pa. Super. 2024); **Commonwealth v. Welch**, 341 A.3d 127 (Pa. Super. 2025) (unpublished memorandum at *2).[5] This Court has held that Rule 1701 provides no exception that would permit a trial court to enter an order granting leaving to appeal *nunc pro tunc* **after** the filing of a notice of appeal with this Court and **before** the record was remanded pursuant to Pa.R.A.P. 2591(a). **See Bell v. Kater**, 839 A.2d 356, 358 (Pa. Super. 2023). "In other words, we have no basis to conclude that [a] trial court's order granting leave to appeal is anything other than a nullity."

_____

[5] Pursuant to Pa.R.A.P. 126(b), unpublished memoranda filed by this Court after May 1, 2019, may be cited for their persuasive value.

*See id*.; ***Welch***, 341 A.2d 127 at *2 (holding that when the record has not yet been remanded, a trial court does not have jurisdiction to enter an order permitting leave to appeal *nunc pro tunc*, and any such order is a nullity).

Here, Rosario attempted to appeal on November 7, 2024, but failed to file a docketing statement. Although we dismissed that appeal on December 26, 2024, we did not remand the record until February 3, 2025. Therefore when, on January 13, 2025, the trial court purported to grant Rosario leave to appeal *nunc pro tunc*, it did not have jurisdiction to do so. Additionally, Rosario's notice of appeal from his July 2023 convictions, filed on January 10, 2025, was untimely, ***see*** Pa.R.A.P. 903(a), and there is no indication in the record Rosario filed a new notice of appeal after the January 13, 2025 order. Accordingly, the trial court's January 13, 2025 order, which purported to grant of the right to appeal *nunc pro tunc*, has no legal effect. In the absence of a properly filed notice of appeal, we do not have jurisdiction over this matter.

We recognize Rosario has been unable to litigate a direct appeal on multiple occasions due to the inactions of counsel, and that this case proceeded for months as if Rosario had filed a valid notice of appeal. However, we are not free to create jurisdiction where none exists even with the parties' consent. ***See Commonwealth v. Merced***, 265 A.3d 786, 789 (Pa. Super. 2021). Accordingly, we vacate the January 13, 2025 order and quash this appeal without prejudice to Rosario's right to file a PCRA petition following the remand of the record pursuant to Pa.R.A.P. 2591(a), to seek reinstatement of his right to a direct appeal *nunc pro tunc*, to assert abandonment of counsel

in failing to preserve his right to a direct appeal *nunc pro tunc*, and/or to demonstrate a breakdown in court operations that would permit him to file a direct appeal *nunc pro tunc*.

Order vacated. Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/01/2025